**In Re: CLINTON COUNTY TAX CLAIMS BUREAU CONSOLIDATED RETURN FOR SALE OF SEPTEMBER 24, 2012**

**David A. Rakocy**

v.

**Clinton County Tax Claim Bureau and Saratoga Partners, LP**

**Appeal of: David A. Rakocy**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Sept. 19, 2014.

Decided Jan. 23, 2015.

Frederick D. Lingle, Lock Haven, for appellant.

Larry E. Coploff and John P. Boileau, Lock Haven, for appellees.

BEFORE: DAN PELLEGRINI, President Judge, and PATRICIA A. McCULLOUGH, Judge, and ROCHELLE S. FRIEDMAN, Senior Judge.

OPINION BY Judge McCULLOUGH.

David A. Rakocy (Rakocy) appeals from the February 18, 2014 order of the Court of Common Pleas of Clinton County (trial court) denying his petition to set aside the September 30, 2013 tax sale of real property (Property) in Beech Creek Township, Clinton County, Pennsylvania. Rakocy asserts that the trial court erred in denying his petition to set aside the tax sale and in concluding that the Clinton County Tax Claim Bureau (Bureau) satisfied its burden of proving strict compliance with the posting requirements of section 602(e)(3) of the Real Estate Tax Sale Law (Law),[1] which provides that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3).

Rakocy was the record owner of the Property, identified as Clinton County Tax Parcel No. 06-01-0004-83-C. On September 30, 2013, the Property was exposed to a tax sale by the Bureau for delinquent real estate taxes and was purchased by Saratoga Partners, LP (Saratoga). Rakocy filed a petition to set aside the tax sale on November 22, 2013, arguing that "service made upon [Rakocy] was not done as required by law." (Trial court op. at 1.) The trial court held a hearing on January 17, 2014.

The parties stipulated that Rakocy received notice of the impending tax sale by certified mail and that notice of the sale was properly advertised pursuant to section 602 of the Law.[2] Although Rakocy's petition did not specifically raise the issue of whether posting was adequate, the parties agreed that the only issue before the trial court was whether the Bureau satisfied the posting requirement of section 602(e)(3).

Deputy Kerry Stover (Stover) testified that the Property is landlocked and does not border a public road; it can only be

---

1. Act of July 7, 1947, P.L. 1368, *as amended*, 72 P.S. § 5860.602(e)(3).

2. Section 602 of the Law sets forth three methods of notice, requiring: (1) publication in two newspapers of general circulation at least thirty days prior to sale, (2) notification by certified mail to each affected owner at least thirty days prior to sale, and (3) posting the property at least ten days prior to sale. 72 P.S. § 5860.602.

accessed from a public road through a gate and down a private driveway that abuts the Property and several neighboring lots. The gate is located at the intersection of the private drive and Forest Road, a public road. (Notes of Testimony (N.T.) at 5–6, 9.)

Stover testified that on September 8, 2013, he posted the Property by attaching the notice of sale to the gate at the entrance to the private drive. Stover stated that the gate was locked at that time. Stover acknowledged that the notice was not posted on the Property itself. He explained that "my practice is to go as far as I can," but "when there's a locked gate [and] I can't see the structure, that's as far as I go." (N.T. at 28.) Stover also noted that the notice would not have been visible to the public from Forest Road if it had been posted on the Property. (N.T. at 5–10, 28–29.)

Rakocy testified that he had a cabin situated near the middle of the Property. Rakocy acknowledged that he would have to pass through the gate that Stover posted in order to access the Property, which was located approximately 300 feet past the gate. Rakocy stated that he did not live at his camp on a permanent basis and was not at the Property during the month it was posted and sold. Contrary to Stover's testimony, Rakocy stated that the gate Stover posted is not kept locked. (N.T. at 13–17.)

Joe Mazero (Mazero) testified that he owns land along the private roadway that abuts the Property. Mazero stated that he went to his parcel on or about September 14, 2013, and did not see a notice posted on the gate at the entrance of the private road. Mazero also testified that there has never been a lock on this gate, and he noted. that there is another gate located at the entrance to the Property. (N.T. at 21–25.)

At the conclusion of the hearing, the trial court dismissed Rakocy's petition on the ground that it did not specifically raise the issue of improper posting. In addition, the trial court determined that Rakocy's argument was without merit, finding that notice was posted in the most logical area such that it might be brought to the attention of the general public and other interested parties. By order dated February 18, 2014, the trial court denied Rakocy's petition to set aside the tax sale.

On March 18, 2014, Rakocy filed a timely notice of appeal. On March 24, 2014, the trial court entered an amended order directing Rakocy to file a concise statement of errors complained of on appeal no later than twenty-one (21) days after entry of the order, pursuant to Pa.R.A.P. 1925(b).[3] The order further notified Rakocy that "[a]ny issue not properly included in the Statement timely filed and served pursuant to subdivision (b) [of Pa.R.A.P. 1925] shall be deemed waived." (Trial court op., March 24, 2014.)

[1] On April 15, 2014, twenty-two days after the trial court's amended order was

---

3. Pa.R.A.P. 1925(b)(2) states as follows:

*Time for filing and service.*—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed. Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the Statement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement *nunc pro tunc.*

entered, Rakocy filed his 1925(b) statement of errors complained of on appeal, raising the issue of improper posting. On April 17, 2014, the trial court issued a Statement of Reasons pursuant to Pa. R.A.P. 1925(a), in which the trial court observed that Rakocy's 1925(b) statement was untimely filed and stated that the trial court would rely on its February 18, 2014 opinion and order.

■ On appeal to this Court,[4] Rakocy continues his argument that the Property was not properly posted. Before considering the merits of Rakocy's appeal, however, we first address the argument by appellees the Bureau and Saratoga that Rakocy has waived the issue of improper posting because his 1925(b) statement was untimely filed.

■ "Whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa.Super.2007) (emphasis in original) (citing *Commonwealth v. Castillo*, 585 Pa. 395, 888 A.2d 775, 780 (2005)). Failure to comply with the order's directive will result in waiver of all issues raised on appeal. *Commonwealth v. Schofield*, 585 Pa. 389, 888 A.2d 771, 774 (2005). Previously, both this Court and the Superior Court declined to waive issues raised in an untimely 1925(b) statement if the trial court issued an opinion addressing the merits of those issues. *See, e.g., In re Corignani*, 873 A.2d 790 (Pa.Cmwlth.2005); *Commonwealth v. Alsop*, 799 A.2d 129 (Pa.Super.2002). However, in *Castillo* and *Schofield* our Supreme Court reaffirmed the bright-line rule established in *Common-*

*wealth v. Lord*, 553 Pa. 415, 719 A.2d 306, 309 (1998), and held that if an appellant fails to timely comply with a trial court's order to file a 1925(b) statement, all issues raised on appeal are automatically waived. *Castillo*, 888 A.2d at 780; *Schofield*, 888 A.2d at 774.

In *Castillo*, the trial court ordered the appellant to file a 1925(b) statement within fourteen days. The appellant filed his statement nearly two months after the trial court's order was entered. The trial court subsequently issued an opinion addressing the issue raised in the 1925(b) statement, and, for that reason, the Superior Court determined that it could consider that issue on appeal. On appeal, however, our Supreme Court reversed that determination and held that "in order to preserve their claims for appellate review, appellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa.R.A.P. 1925." *Castillo*, 888 A.2d at 780 (quoting *Lord*, 719 A.2d at 309). The court specifically rejected the argument that, in situations involving non-compliance with Pa.R.A.P. 1925(b), the degree of untimeliness should be considered:

> [W]hile [amicus] suggests that some degree of untimeliness does not hinder the trial court or the appellate court when the trial court obtains the Pa. R.A.P.1925(b) statement prior to drafting its opinion, the question remains as to how long is too long. Allowing for discretion regarding timeliness will result in inconsistencies. For example, when faced with the lack of a timely Pa.R.A.P. 1925(b) statement, one trial court might file quickly and efficiently an opinion waiving all issues, while an-

---

4. Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision unsupported by

the evidence. *Miller v. Clinton County Tax Claim Bureau*, 909 A.2d 461, 463 n. 2 (Pa. Cmwlth.2006).

other might address the issues it believes the appellant will raise, and still another might delay filing an opinion until a statement is received. If the appellant in each hypothetical case eventually files an equally untimely statement, the appellate court in the first case would waive the issues that the trial court waived, while in the second two scenarios, under current Superior Court precedent, the appellate court could address the issues so long as the trial court addressed the same issues in its opinion. As a result, the same factual situation could produce diametrically opposed results depending on how quickly a trial court files its opinion after the expiration of the Pa. R.A.P. 1925(b) filing period. As referenced above, we decline to adopt a position which will yield unsupportable distinctions between similarly situated litigants.

*Castillo,* 888 A.2d at 779.

Stressing the need for consistent and uniform applications of 1925(b), the Supreme Court specifically "voice[d] ... disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to [Pa.R.A.P. 1925] and have addressed issues that should have been deemed waived." *Castillo,* 888 A.2d at 779–80. The court held that, absent extraordinary circumstances, an untimely filed 1925(b) statement automatically results in waiver of the issues raised on appeal. 888 A.2d at 780.

In *Schofield,* the appellant was ordered to file a 1925(b) statement within fourteen days. Despite the appellant's claim that her statement was timely filed, the certified record contained no evidence that the

filing had occurred. The trial court's subsequent order discussed the issues raised in the appellant's 1925(b) statement, but it did not indicate whether the trial judge received the statement within the time prescribed in its initial order. Consequently, both the Superior Court and the Supreme Court were unable to discern whether the appellant delivered her 1925(b) statement to the trial judge in a timely manner and, therefore, the Supreme Court affirmed the Superior Court's determination that all issues were waived on appeal. *Schofield,* 888 A.2d at 774.

Following these decisions, our Court was presented with a similar issue in *Commonwealth v. Holtzapfel,* 895 A.2d 1284 (Pa. Cmwlth.2006). In *Holtzapfel,* the trial court issued an order directing the appellant to file a 1925(b) statement within fourteen days. However, the appellant did not file her statement until approximately three weeks after the fourteen-day period expired. Applying our Supreme Court's decisions in *Castillo* and *Schofield,* we concluded in *Holtzapfel* that the appellant had waived all issues raised on appeal due to the late filing of her 1925(b) statement. 895 A.2d at 1289.

Applying the above decisions to the present case, we hold that Rakocy waived· all issues on appeal because his 1925(b) statement was untimely filed.[5] The trial court's March 24, 2014 order directed Rakocy to file a 1925(b) statement within twenty-one days, or by April 14, 2014. Because Rakocy did not file his statement until April 15, 2014, one day after the expiration of the twenty-one day period, we are constrained to hold that the statement was untimely filed and that Rakocy

---

5. Although, upon application of the appellant and for good cause shown, the trial court may enlarge the time period initially specified or permit an amended or supplemental statement to be filed, and in extraordinary circumstances, may allow for the filing of a statement or amended or supplemental statement *nunc pro tunc,* Pa.R.A.P. 1925(b)(2), Rakocy did not request an enlargement of time to file his initial statement and has not asserted that extraordinary circumstances exist.

waived the issue of improper posting on appeal. *See Castillo,* 888 A.2d at 780; *Schofield,* 888 A.2d at 774.[6]

Accordingly, we affirm the trial court's order.

### ORDER

AND NOW, this 23rd day of January, 2015, the order of the Court of Common Pleas of Clinton County dated February 18, 2014, is affirmed.

---

**6.** Nevertheless, we note that in the two-page argument portion of his brief, Rakocy cites two cases, *Hunter v. Washington County Tax Bureau,* 729 A.2d 142 (Pa.Cmwlth.1999), and *In re Upset Price Tax Sale of Sept. 25, 1989,* 150 Pa.Cmwlth. 191, 615 A.2d 870 (1992), without elaboration, in support of his assertion that posting of the notice was inadequate because it was not posted on the Property. Were we to review the merits of Rakocy's appeal, neither of these cases would be controlling.

In *Hunter,* the appellant asserted that posting of notice of a tax sale by affixing papers to a tree or post using masking tape was inadequate because the notices were not weatherproof and it was raining. We rejected that argument, noting that the Law does not require that notices be made of any special material. We also concluded that the testimony by neighbors that they did not see the notices did not establish that the notices were not conspicuously posted. Finally, although we agreed with the appellant that "posting must be accomplished by placing the notices somewhere on the premises for all to observe," *id.* at 144, there is no suggestion that the properties at issue in *Hunter* were landlocked, or that access to them was impeded in any fashion. Accordingly, *Hunter* is significantly distinguishable from the facts before us. Additionally, the holding in *Hunter* expressly contradicts Rakocy's implied assertion that Mazero's testimony establishes that the notice was not properly posted.

In *In re Upset Price Sale of Sept. 25, 1989,* we affirmed the trial court's order setting aside a tax sale "due to improper posting of

---

the notice." *Id.* at 871. Although our opinion states that "the sheriff's deputy failed to post the tax sale notice on the property," *id.* at 872, it does not provide any additional facts concerning the placement or manner of posting. Thus, the holding in that case cannot compel any conclusion in the present appeal.

Moreover, section 602(e)(3) of the Law does not explicitly state that a notice must be posted on the property subject to sale; instead, it merely states that "[e]ach property scheduled for sale shall be posted at least ten (10) days prior to the sale." 72 P.S. § 5860.602(e)(3). We have interpreted section 602(e)(3) of the Law to mean that "the method of posting must be reasonable and likely to inform the taxpayer of an intended real property sale." *See, e.g., In re Tax Sale of 2003 Upset,* 860 A.2d 1184, 1188 (Pa.Cmwlth.2004). We also have noted that the posting required by the Law serves an additional purpose, that of providing notice to the public at large. *Id.* In *In re Tax Sale of 2003 Upset,* we concluded that a tax sale notice that was taped to a tree near the owner's mailbox, which was across the street from the property and not on the property itself, was adequate under the Law. We noted that there was no house on the property and that the notice was posted in a manner where it was likely to be seen and provide notice both to the owner and the general public. Here, notice posted at the gate where the public road meets the private drive leading to the Property likewise was reasonable and adequate to inform both Rakocy and the public of the tax sale.