# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sabine A. Yantorn                      :

                             :

        v.                      :   No. 1246 C.D. 2015

                             :

Lackawanna County Tax Claim    :   Submitted: January 22, 2016

Bureau, and Savana Properties, LLC,  :

                             :

Appeal of: Savana Properties, LLC    :


BEFORE:    HONORABLE RENÉE COHN JUBELIRER, Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE JAMES GARDNER COLINS, Senior Judge


<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE COHN JUBELIRER**             **FILED: May 11, 2016**


      Savana Properties, LLC (Purchaser) appeals from a June 17, 2015 Order of the Court of Common Pleas of Lackawanna County (common pleas) granting Sabine A. Yantorn's (Taxpayer) Petition to Set Aside Upset Tax Sale (Petition to Set Aside). On appeal, Purchaser argues that common pleas erred by setting aside the upset tax sale without conducting an evidentiary hearing. Because Purchaser has preserved no issues for appeal, we affirm.

      At issue in this appeal is the September 29, 2014 upset tax sale of Taxpayer's property at 409 Edgar Street, Olyphant, Pennsylvania (Property).

(Common pleas Op. at 1.) Purchaser was the successful bidder at the upset tax sale. (Common pleas Op. at 1.) On May 21, 2015, Taxpayer filed the Petition to Set Aside alleging that the Lackawanna County Tax Claim Bureau (Bureau) failed to comply with multiple notice provisions of the Real Estate Tax Sale Law[1] (Law). Taxpayer alleges that the Bureau did not comply with: (1) the notice by personal service requirement of Section 601(a)(3) of the Law, 72 P.S. § 5860.601(a)(3), for owner-occupied properties; (2) the notice by mail provisions of Section 602(e)(2) of the Law, 72 P.S. § 5860.602(e)(2); and (3) the notice by publication requirement of Section 602(a) of the Law, 72 P.S. § 5860.602(a). (Petition to Set Aside ¶¶ 18-19, 22-23, 30, R.R. at 42a-44a.)[2] The Bureau filed an Answer to the Petition to Set Aside wherein the Bureau admitted that its "records do not reflect that [Taxpayer] was personally served with notice of the September 29, 2014 upset tax sale." (Bureau's Answer ¶ 18, R.R. at 68a.) The Bureau's Answer did not allege that the Bureau sought or received a waiver of personal service of notice from common pleas prior to the upset tax sale as required by Section 601(a)(3) of the Law in circumstances where notice of the tax sale cannot be personally served upon an owner-occupant. Purchaser also filed a Response to the Petition to Set Aside wherein it denied all material allegations in the Petition to Set Aside. (Purchaser's Response, R.R. at 79a-85a.)

---

[1] Act of July 7, 1947, P.L. 1368, as amended, 72 P.S. §§ 5860.101-5860.803.

[2] Taxpayer also alleges that Purchaser did not provide a *certification* to the Bureau that Purchaser "is not delinquent in paying real estate taxes" within twenty days of the sale as required by Section 619.1(a) of the Law, added by Section 3 of the Act of December 21, 1998, P.L. 1008, 72 P.S. § 5860.619a(a), and that the *verification* signed by Purchaser submitted prior to the sale is false. (Petition to Set Aside ¶¶ 35-38, R.R. at 45a-46a.)

Common pleas held oral argument on the matter on June 17, 2015. "[U]pon concession of [the Bureau] that [Taxpayer] was not properly served with required notice of the sale, [common pleas] granted [Taxpayer]'s Petition to Set Aside . . ." and directed Taxpayer to remit the funds she received from the Bureau within ten days. (Common pleas Op. at 2; Order, June 17, 2015, R.R. at 100a.)

Purchaser subsequently filed a Notice of Appeal to this Court. Upon receipt of the Notice of Appeal, common pleas issued an order pursuant to Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure,[3] directing Purchaser to file a "clarification of the errors complained of on appeal within twenty-one days." (Order, July 22, 2015, C.R. at Item 9.) Purchasers never filed a concise statement of errors complained of on appeal (Statement). Common pleas issued its opinion pursuant to Rule 1925(a) on September 2, 2015 wherein it stated, in pertinent part: "[h]aving received no [S]tatement, this Court maintains that [Purchaser] has waived all issues for appellate review." (Common pleas Op. at 2.)[4]

---

[3] Pa. R.A.P. 1925(b). Rule 1925(b) provides, in relevant part:

Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

Id.

[4] Common pleas also offered a short rationale for its June 17, 2015 Order. According to common pleas:

Under [Section 601(a)(3) of the Law] "no owner- occupied property may be sold unless the bureau has given the owner occupant written notice of such sale at least ten (10) days prior to the date of actual sale by personal service by the sheriff..." It is uncontested by the [Bureau] that [Taxpayer] was not properly served with notice of the Upset Tax Sale of the subject property within the requisite 10 days prior to the sale. Thus, because the [Law]'s notice provisions are to be strictly

*(Continued…)*

On appeal,[5] Purchaser argues that common pleas erred by granting the Petition to Set Aside without holding an evidentiary hearing on the matter. Purchaser contends that if a hearing had been held it could have stepped into the shoes of the Bureau and adduced facts showing, *inter alia*, that Taxpayer was not an owner-occupant and, as such, personal service of notice was not required. Taxpayer responds by arguing that Purchaser waived all issues on appeal by not filing a Statement as ordered by common pleas. Further, Taxpayer argues that because the Bureau admitted that it could not sustain its burden to show that the notice requirements of the Law were strictly followed, no evidentiary hearing was necessary.

It is firmly established that "[w]henever [common pleas] orders an appellant to file a [1925(b) statement], the appellant *must* comply in a timely manner." In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012, 109 A.3d 331, 334 (Pa. Cmwlth. 2015) (quotation omitted) (emphasis in original). "Any issues not raised in a 1925(b) statement will be deemed waived." Commonwealth v. Lord, 719 A.2d 306, 309 (Pa. 1998); see also Pa. R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provision of this paragraph (b)(4) are waived."). Purchaser

---

construed, and a tax claim bureau's failure to comply with all of the notice requirements ordinarily nullifies a tax sale, Montgomery C[ounty] Tax Claim Bureau v. Queenan, 108 A.3d 947, 950 (Pa. C[mwlth]. 2015), the upset tax sale in this case must be set aside.
(Common pleas op. at 2-3.)

[5] "Our scope of review in tax sale cases is limited to determining whether the trial court abused its discretion, erred as a matter of law, or rendered a decision unsupported by the evidence." In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012, 109 A.3d 331, 334 n.4 (Pa. Cmwlth. 2015).

did not file a Statement or request common pleas for an enlargement of time to do so. See Pa. R.A.P. 1925(b)(2) ("Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental Statement to be filed."). Nor does Purchaser request this Court to remand so that it may file a Statement *nunc pro tunc*. See Pa. R.A.P. 1925(c)(2) ("Upon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a Statement or for amendment or supplementation of a timely filed and served Statement and for a concurrent supplemental opinion."). In fact, Purchaser does not reference its lack of response to common pleas' July 22, 2015 Rule 1925(b) order or common pleas' conclusion that all of its issues are waived in its brief to this Court. Accordingly, pursuant to the bright line rule established in Lord, we are constrained to hold that Purchaser has waived all issues and affirm common pleas' Order.[6]

_____
**RENÉE COHN JUBELIRER, Judge**

---

[6] Taxpayer seeks costs and attorney fees pursuant to Rule 2744 of the Pennsylvania Rules of Appellate Procedure. Pa. R.A.P. 2744. Rule 2744 allows the award of costs and fees if the court "determines that an appeal is frivolous or taken solely for delay or that the conduct of the participant against whom costs are to be imposed is dilatory, obdurate or vexatious." Id. "The imposition of counsel fees and costs under Rule 2744 is solely within this Court's discretion." In re Appeal of Dunwoody Village, 52 A.3d 408, 424 (Pa. Cmwlth. 2012). We deny Taxpayer's request.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Sabine A. Yantorn           :
                              :
         v.            :    No. 1246 C.D. 2015
                              :
Lackawanna County Tax Claim     :
Bureau, and Savana Properties, LLC,   :
                              :
Appeal of: Savana Properties, LLC    :

## O R D E R

**NOW**, May 11, 2016, the June 17, 2015 Order of the Court of Common Pleas of Lackawanna County, entered in the above-captioned matter, is **AFFIRMED**.

 

 

                          _____
                          **RENÉE COHN JUBELIRER, Judge**