# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Brown,<br>        Appellant | : <br> : <br> :   No. 590 C.D. 2016 |
|     v. | : <br> :   Submitted: December 16, 2016 |
| York County Prison, York County<br>Medical Department, Prison<br>Health Services Inc., Corizon<br>Health Inc., Sandra M. Ulerick,<br>Prime Care Medical Inc., Jennifer<br>Miosi, Ashley Doe, Jane Doe,<br>John Doe | : <br> : <br> : <br> : <br> : <br> : <br> : |

BEFORE:  HONORABLE RENÉE COHN JUBELIRER, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE JAMES GARDNER COLINS, Senior Judge

***OPINION NOT REPORTED***

MEMORANDUM OPINION
BY JUDGE McCULLOUGH                         FILED:  April 5, 2017

The underlying facts giving rise to this civil action filed by Lamar Brown (Brown) concern his guilty plea to three counts of robbery in 2003 and his subsequent post-conviction motion contending that his plea was not entered knowingly or intelligently because he was on medication that affected his mental state.  In the post-conviction proceedings, Brown's court-appointed attorney attempted to bolster Brown's claim by subpoenaing Brown's medical records from numerous entities, including the defendants in this case.  However, the attorney was unsuccessful, and a court denied Brown's post-conviction petition on October 31,

2011. *Brown v. York County Prison*, (Pa. Cmwlth., No. 569 C.D. 2015, filed February 19, 2016) (unreported), slip op. at 1-2.

On November 4, 2013, Brown filed a complaint against the defendants, namely the prison in which he was incarcerated and medical facilities, asserting a variety of claims and seeking monetary damages and possession of his medical records. After the Court of Common Pleas of York County (trial court) sustained the defendants' preliminary objections and dismissed his complaint, Brown appealed to the Superior Court, which transferred the matter to this Court. By opinion and order dated February 19, 2016, we granted the motion of defendant Prison Health Services, Inc., c/k/a Corizon Health Services, Inc.), to dismiss Brown's appeal insofar as it relates to them, vacated the trial court's order as it pertained to the other defendants, effectively reinstated Brown's complaint against those defendants, and remanded to the trial court for further proceedings. *Id.* at 2-9.

On remand, following the renewal of preliminary objections by the defendants, the trial court entered two orders in March 2016 that had the combined effect of dismissing Brown's complaint in its entirety. By order dated March 3, 2016, the trial court sustained the preliminary objections filed by York County Prison and its Medical Department and dismissed his claims against that defendant. On March 23, 2016, the trial court entered a separate order sustaining the preliminary objections of the remaining defendants, Prison Health Services, Inc. Sandra M. Ulerick, and Jennifer Miosi, and dismissing Brown's claims against those defendants.

On April 11, 2016, Brown filed a notice of appeal from the trial court's March 3, 2016 order and apparently the March 23, 2016 order.[1] Pursuant to

---

[1] Although the trial court's March 23, 2016 order was not specifically mentioned in the notice of appeal, it is clear that Brown intended to appeal this order as well. Therefore, Brown's **(Footnote continued on next page…)**

2

Pa.R.A..P. 1925(b), the trial court on May 31, 2016, ordered Brown to file a statement of errors within twenty-one days, i.e., on or before June 21, 2016. Brown thereafter submitted a 1925(b) statement. In this statement, Brown did not challenge the trial court's orders to the extent that they granted the defendants' preliminary objections and dismissed his claims against all the defendants named in the complaint. Instead, Brown asserted only one issue: whether the trial court erred in failing to rule on his motion to amend his complaint to add the Warden of York County Prison as a defendant.[2] Brown contended that during the pleading stage, he obtained a copy of a contract between York County Prison and Prison Health Services, Inc. that indicated – or at least suggested – that the Warden would have access to or be in possession of his medical records. (*See* Brown's brief at Ex. A.)

On its face, Brown's 1925(b) statement contained a signature date of June 19, 2016, which precedes the due date of June 21, 2016. However, Brown's 1925(b) statement was not stamped and recorded as being received by the prothonotary until June 27, 2016. In the interim, on June 23, 2016, the trial court issued a Pa.R.A.P. 1925(a) opinion, concluding that Brown waived any issue he wished to raise on appeal because he did not file a timely 1925(b) statement. (Supplemental Reproduced Record at 108b -110b.)

---

**(continued…)**

appeal encompasses and includes both orders and properly lies from a final order disposing of all parties and all claims (Prison Health Services, Inc., c/k/a Corizon Health Services, Inc. was no longer a party to the suit as a result of our decision in *Brown I*). The end result is that we have jurisdiction to entertain this appeal. *See K.H. v. J.R.*, 826 A.2d 863, 869-72 (Pa. 2003).

[2] We also note that in his appellate brief, Brown does not challenge the trial court's orders insofar as they sustained all of the defendants' preliminary objections and solely argues that the trial court erred in failing to rule upon and grant his motion for leave to amend.

3

Proceeding *pro se*, Brown now appeals from the trial court's order(s) dismissing his complaint and argues that the trial court erred in failing to grant him leave to amend. Before we reach the merits, however, we must determine whether Brown filed his 1925(b) statement in a timely fashion. *See Commonwealth v. Butler*, 812 A.2d 631, 634 (Pa. 2002); *The Spirit of the Avenger Ministries v. Commonwealth*, 767 A.2d 1130, 1131 n.4 (Pa. Cmwlth. 2001).

It is now entrenched in the law that whenever the trial court orders an appellant to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), the appellant must comply in a timely manner. *In re Clinton County Tax Claims*, 109 A. 3d 331, 334 (Pa. Cmwlth. 2015). "[A]bsent extraordinary circumstances, an untimely filed 1925(b) statement automatically results in waiver of the issues raised on appeal." *Id.* at 335 (citing *Commonwealth v. Castillo*, 888 A.2d 775, 780 (Pa. 2005)).

However, under the prisoner mailbox rule, a prisoner's *pro se* filing is deemed to be filed at the time it is given to prison officials or put in the prison mailbox. *Kittrell v. Watson*, 88 A.3d 1091, 1096-97 (Pa. Cmwlth. 2014). The reason for this rule is that:

> The situation of prisoners seeking to appeal without the aid of counsel is unique. Such prisoners cannot take the steps other litigants can take to monitor the processing of their notices of appeal and to ensure that the court clerk receives and stamps their notices of appeal before the 30-day deadline. Unlike other litigants, *pro se* prisoners cannot personally travel to the courthouse to see that the notice is stamped 'filed' or to establish the date on which the court received the notice. Other litigants may choose to entrust their appeals to the vagaries of the mail and the clerk's process for stamping incoming papers, but only the *pro se* prisoner is forced to do so by his situation.

4

*Smith v. Pennsylvania Board of Probation and Parole*, 683 A.2d 278, 281 (Pa 1996). The courts of the Commonwealth have held that the prisoner mailbox rule applies to all *pro se* filings by incarcerated individuals, including in civil matters. *Thomas v. Elash*, 781 A.2d 170, 176-77 (Pa. Super. 2001); *accord Kittrel*, 88 A.3d at 1096-97.

Here, Brown proceeded *pro se* throughout this litigation while incarcerated at a state correctional institution. Although Brown's 1925(b) statement was due on or before June 21, 2016, and the prothonotary did not receive and record Brown's 1925(b) statement until June 27, 2016, the 1925(b) statement had a signature date of June 19, 2016. Notably, the certified record does not contain the envelope in which the 1925(b) statement was mailed and there is no other evidence that relates to the date on which Brown's 1925(b) statement was given to prison officials or put in the prison mailbox. Nonetheless, based on the signature date, it is factually possible that Brown delivered the 1925(b) statement to prison officials or placed it in the prison mailbox on or before June 21, 2016.

Under our procedural rules, "[a]n appellate court may remand in either a civil or criminal case for a determination as to whether a [1925(b)] Statement "had been filed and/or served or timely filed and/or served." Pa.R.A.P. 1925(c)(1). Our Supreme Court has said that when "the facts concerning timeliness are in dispute, a remand for an evidentiary hearing may be warranted." *Commonwealth v. Jones*, 700 A.2d 423, 426 n.3 (Pa. 1997). On this record, a genuine issue of material fact exists as to whether the 1925(b) statement was filed timely under the prisoner mailbox rule and a remand for an evidentiary hearing is necessary to resolve this issue.

Accordingly, we vacate the trial court's March 3, 2016 order and remand for the trial court to convene an evidentiary hearing regarding the timeliness of Brown's 1925(b) statement. In the event the trial court would conclude that the

5

1925(b) statement was filed timely, the trial court shall issue a new 1925(a) opinion that addresses the one issue that Brown raised in that statement, i.e., whether he should have been granted leave to amend his complaint.

_____
PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Brown,<br>        Appellant<br><br>        v.<br><br>York County Prison, York County<br>Prison Medical Department, Prison<br>Health Services Inc., Corizon<br>Health Inc., Sandra M. Ulerick,<br>Prime Care Medical Inc., Jennifer<br>Miosi, Ashley Doe, Jane Doe,<br>John Doe | :<br>:<br>:<br>:  No. 590 C.D. 2016<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>:<br>: |

## __*ORDER*__

AND NOW, this 5th day of April, 2017, the March 3, 2016 order of the Court of Common Pleas of York County (trial court) is vacated. The case is remanded to the trial court to determine whether Lamar Brown's Pa.R.A.P. 1925(b) statement was timely filed under the prison mailbox rule. If the trial court determines that the filing was timely, it shall recertify the record, including a Pa.R.A.P. 1925(a) opinion, within 90 days of the date of this order. In the event the trial court determines that the filing was untimely, it shall certify a statement of its finding to this Court within 90 days.

The Chief Clerk is directed to send a copy of this Order to the Honorable Christopher N. Menges of the Court of Common Pleas of York County and to the Prothonotary of York County.

Jurisdiction retained.

_____
PATRICIA A. McCULLOUGH, Judge