IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stefan J. Stas and Loretta Stas,    :
            Appellants    :
                       :
          v.            :  No. 21 C.D. 2017
                       :  Argued:  September 14, 2017
Susquehanna County Board of   :
Assessment Appeals, Mountain View :
School District and Lenox Township  :


BEFORE:   HONORABLE P. KEVIN BROBSON, Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI         FILED: October 5, 2017


Stefan J. Stas and Loretta Stas (Taxpayers) appeal from an order of the Court of Common Pleas of Susquehanna County (trial court) sustaining the Susquehanna County Board of Assessment Appeals' (Board) denial of their tax assessment appeal for tax years 2014, 2015 and 2016.  Because Taxpayers failed to comply with the trial court's order directing them to file a statement of errors complained of on appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure (Pa.R.A.P.), thereby waiving all issues on appeal, we affirm the trial court's order.

Taxpayers own a 64.23-acre parcel with improvements located in the taxing district of Mountain View School District in Lenox Township, Susquehanna County, Pennsylvania (Property). The Property is subdivided into a four-acre parcel, which is improved with a 4,341 square-foot home that has a 3,000 square-foot basement and a three-four car garage, as well as a larger parcel that contains the remaining acreage of the Property and is improved with an airplane hangar, a grass runway and other outbuildings. The Property sits on a ridge commanding a 360 degree view of the Endless Mountains.

Following the sale of a two-acre portion of the Property, in 2014, the Board reassessed the Property and its improvements at $219,500 with a fair market value of $439,000.[1] Specifically, the Property's land was reassessed at $34,100 with a fair market value of $68,200, and its improvements were reassessed at $185,400 with a fair market value of $370,800. On March 12, 2014, Taxpayers filed a tax assessment appeal with the Board. After a hearing was held, on May 2, 2014, the Board issued a decision denying Taxpayers' request for a reduction in the assessment of the Property. Taxpayers appealed that decision to the trial court.

From April through September 2016, the trial court held three *de novo* hearings during which Taxpayers attempted to challenge the reassessment for a myriad of interchanging reasons.[2] During those hearings, the Board placed into

---

[1] The predetermined assessment ratio as established by the Board and the Susquehanna County Commissioners was 50%.

[2] As the trial court summarized:

**(Footnote continued on next page…)**

2

evidence the assessment record listing the Property's fair market value as $439,000 thereby establishing a *prima facie* case for the validity of the tax assessment. *See Green v. Schuylkill County Board of Assessment Appeals*, 772 A.2d 419 (Pa. 2001). To rebut the *prima facie* validity of the assessment, Taxpayers then presented the testimony of J. Conrad Bosley (Bosley), an expert residential real estate appraiser, who testified that the fair market value of the four-acre parcel and

---

**(continued…)**

> At our hearing on April 28, 2015, [Taxpayers] advised the Court that [they were] challenging the County's assessment value, the fair market value, of $439,000. However, perhaps due to Bosley's [(expert witness)] testimony, [Taxpayers] changed [their] position and advised the Court that he [sic]was only challenging the County valuation of the improvements arguing that it was excessively assessed in comparison to comparable homes in the area. Later, [Taxpayers] shifted [their] position again and advised the Court that [they were] merely challenging the grade of construction assessed to the improvements.
>
> * * *
>
> At our final hearing on September 28, 2016, [Taxpayers] recalled [their] expert, Bosley, to rebut Henkleman's [(expert witness)] testimony. At that time, [Taxpayers] advised the Court that [they were] back to disputing the County's fair market value of [their] home. However, Bosley's testimony focused on rating the quality of construction and adjustments.
>
> Bosley then testified that he conducted research on properties all over Susquehanna County listed for sale or previously sold in the last two years. Again, he testified "it's very hard to find comparables" to the Stas Property.
>
> From this point, Bosley's testimony seemed to be used as an attack on the uniformity of assessments in Susquehanna County.

(Trial Court's Opinion at 4) (citations omitted).

its improvements is $340,000. However, because Bosley admitted that his appraisal only pertained to the Property's four-acre parcel and that his appraisal would have been higher had he appraised the entire Property, the trial court "d[id] not find Bosley's testimony totally credible." (Trial Court's Opinion at 6.)

To rebut Taxpayers' offered testimony, the Board offered the testimony of Tom Button, Susquehanna County's Chief Assessor, who confirmed the Property's reassessment and corresponding fair market value. He also testified that the $370,800 valuation includes the house as well as the larger parcel's hangar. (Reproduced Record (R.R.) at 55a.) The Board also offered the testimony of Robert Henkleman (Henkleman), an expert appraiser, who appraised the improvements and all 63.24 acres at a fair market value of $590,000. However, because Henkleman admitted that he was denied access to the Property and his appraisal was conducted off-site through the use of maps and aerial photographs, the trial court "d[id] not find Henkleman's testimony totally credible either." (Trial Court's Opinion at 7.) The trial court did, however, "find credible the testimony of both experts that it was difficult to appraise this property in light of the restrictions placed upon them and the difficulty of finding comparables within Susquehanna County." (*Id.*)

On December 16, 2016, the trial court issued a decision denying Taxpayers' assessment appeal because the Board established a *prima facie* case, which Taxpayers did not overcome through credible and relevant testimony. On January 9, 2017, Taxpayers timely filed a notice of appeal with this Court.

4

In response to Taxpayers' notice of appeal, on January 23, 2017, the trial court entered an order directing Taxpayers to file "no later than 21 days after the entry of this Order, a Concise Statement of errors complained of on appeal." (Record (R.) Item No. 28-2.) The trial court's order further advised, "Any issue not properly included in the Statement timely filed and served pursuant to this Order and Pa.R.A.P. 1925 shall be deemed waived." (*Id.*) Notwithstanding, Taxpayers never filed a concise statement of errors with the trial court. (*See* R.R. at 2a-3a.)

On appeal, Taxpayers once again challenge the Property's reassessment. However, we need not reach the merits of their appeal because the record demonstrates that they failed to comply with the trial court's order directing them to file a statement of errors complained of on appeal in accordance with Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure.[3]

---

[3] Rule 1925(b) of the Pennsylvania Rules of Appellate Procedure provides, in pertinent part:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**--If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

> * * *

> (4) *Requirements; waiver.*

> * * *

**(Footnote continued on next page…)**

"It is now well settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review." *Gibraltar Rock, Inc. v. New Hanover Township*, 118 A.3d 461, 464 (Pa. Cmwlth.), *appeal denied,* 128 A.3d 222 (Pa. 2015) (citations omitted).[4] Pa. R.A.P. 1925(b) provides that, upon receipt of a notice of appeal, the trial court may order an appellant to file of record a concise statement of errors complained of on appeal. The trial court must allow the appellant at least 21 days from the date of the order's entry for filing and service of the statement. "Whenever the trial court orders an appellant to file a concise statement of matters complained of on appeal pursuant to Rule 1925(b), the appellant *must* comply in a timely manner." *In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015) (quoting *Hess v. Fox Rothschild, LLP,* 925 A.2d 798, 803 (Pa. Super. 2007)) (emphasis in original). "Failure to comply with the order's directive will result in waiver of all issues raised on appeal." *In re*

---

**(continued…)**

> (vii) Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived.

Pa.R.A.P. 1925(b).

[4] The Board contends that Taxpayers waived all issues on appeal because they failed to file post-trial motions pursuant to Pennsylvania Rule of Civil Procedure Number 227.1. However, Taxpayers were not required to file post-trial motions under Rule 227.1 because the Pennsylvania Rules of Civil Procedure do not apply in statutory appeals, especially tax assessment appeals, unless the local rules have adopted and incorporated them. *See Appeal of Borough of Churchill*, 575 A.2d 550, 554 (Pa. 1990). Here, Susquehanna County's local rules do not appear to adopt the requirements set forth in Pennsylvania Rule of Civil Procedure Number 227.1.

*Clinton County Tax Claims Bureau*, 109 A.3d at 334 (citing *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005)).

As already mentioned, after receiving Taxpayers' notice of appeal, the trial court issued an order pursuant to Pa.R.A.P. 1925(b) that provided Taxpayers with 21 days to file and serve upon the court a concise statement of errors complained of on appeal. It further advised that "[a]ny issue not properly included in the Statement timely filed and served pursuant to this Order and Pa.R.A.P. 1925 shall be deemed waived." (R. Item No. 28-2.) Notwithstanding that order, Taxpayers never filed or served the trial court with a statement of errors complained of on appeal.

Accordingly, because Taxpayers failed to preserve any issues for our review, we affirm the trial court's order.

_____
DAN PELLEGRINI, Senior Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Stefan J. Stas and Loretta Stas,     :
              Appellants    :
                               :
          v.              :  No. 21 C.D. 2017
                               :
Susquehanna County Board of    :
Assessment Appeals, Mountain View :
School District and Lenox Township  :

# **O R D E R**

AND NOW, this 5<u>th</u> day of <u>October</u>, 2017, it is hereby ordered that the order of the Court of Common Pleas of Susquehanna County filed on December 16, 2016, is affirmed.

_____
DAN PELLEGRINI, Senior Judge