IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Harclerode,                    :
                    Appellant            :
                                         :
            v.                           : No. 305 C.D. 2017
                                         : Submitted:  February 2, 2018
Everett Area School District             :
Superintendent and School Board          :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                         FILED: February 16, 2018


        Thomas J. Harclerode (Harclerode) appeals, *pro se*, the order of the
Court of Common Pleas of Bedford County (trial court) sustaining the Everett
Area School District Superintendent and School Board's (collectively, School
District) preliminary objections to dismiss his complaint for lack of standing.  For
the following reasons, we affirm.


                                    **I.**

                                    **A.**

        In 2007, Harclerode filed a *pro se* complaint (2007 Complaint) against
the School District averring that he "is a Taxpayer in [the] subject District and is
extremely distressed that part of his Tax money is going to perpetuate [the theory

of evolution] that has been Scientifically discredited and that the knowledge proving it has been with held [*sic*] from the Students." (Reproduced Record (R.R.) at 22a.) In the 2007 Complaint, he sought for the School District "to place an Addendum in their Biology books showing the evidence against the theory that Life began by Time and Chance." (*Id.*) The School District filed preliminary objections alleging, among other things, that Harclerode lacked standing to maintain his complaint. Agreeing, the trial court dismissed Harclerode's 2007 Complaint for lack of standing.

On appeal, this Court affirmed the trial court's order. *See Harclerode v. Everett Area School District Superintendent and School Board (Harclerode I)*, (Pa. Cmwlth., No. 853 C.D. 2008, filed November 13, 2008). As we determined, Harclerode did not have a "substantial interest" to establish taxpayer standing because his complaint only averred that he is a taxpayer distressed about the use of his tax dollars. We also determined that he did not fall within the exception to taxpayer standing because judicial relief is not appropriate where a plaintiff seeks to have the courts exercise control over educational policy decisions and measures adopted pursuant to the discretionary authority of a Board of School Directors. *See Regan v. Stoddard*, 65 A.2d 240 (Pa. 1949); *Aubrey v. School District of Philadelphia*, 437 A.2d 1306 (Pa. Cmwlth. 1981). Harclerode did not seek reconsideration or further appellate review.

**B.**

On November 17, 2016, Harclerode then filed another complaint with the trial court (2016 Complaint) with almost identical averments, this time seeking

2

the School District "to stop promoting . . . the theory of evolution in their [sic] curriculum or giving any credence to them [sic] as well as providing the Scientific information that refutes them [sic]." (R.R. at 19a.) Although essentially identical to his previous complaint, the 2016 Complaint further provides:

> 7. [Harclerode] is a taxpayer in subject district and is extremely distressed that part of his Tax money is going to perpetuate [the unproven Century old Theory that Life began by Time and Chance and that Man is a direct descendant of a lower life form,] which have been shown to have a detrimental effect on Society.
>
> 8. Jeffrey Dahmer when asked why he committed such atrocious acts on society, replied in essence, that he was taught the two above tenants in public school and therefore felt that he was responsible to nobody. The Columbine Shooters, Hitler, several world leaders, and scores of those incarcerated also used Darwin[']s Theory as an excuse.
>
> 9. There is the possibility that these two tenants in the curriculum could spawn individuals, similar to those above, to commit crimes locally.
>
> 10. [Harclerode] worries that in light of the above, he and his loved ones are placed in unneeded jeopardy, regardless of how remote. Playing Russian Roulette is foolish if there is a possibility of a single loaded chamber.

(R.R. at 19a.) Once again, the School District filed preliminary objections that Harclerode lacked standing, which the trial court sustained. Harclerode then appealed to this Court.

3

In response to his appeal, on March 17, 2017, the trial court entered an order directing Harclerode to file within 21 days a concise statement of errors complained of on appeal. That order further advised, "Any and all issues not contained in the Statement of Matters [sic] Complained of on Appeal and/or not served in accordance with Pa. R.A.P. 1925(b)(1) shall be deemed waived." (R.R. at 136a.) He did not file a concise statement of errors with the trial court as directed.

"It is now well settled that this Court may dismiss an appeal *sua sponte* based on an appellant's failure to properly preserve issues for appellate review." *Gibraltar Rock, Inc. v. New Hanover Township*, 118 A.3d 461, 464 (Pa. Cmwlth.), *appeal denied*, 128 A.3d 222 (Pa. 2015) (citations omitted). Pa. R.A.P. 1925(b) provides that, upon receipt of a notice of appeal, the trial court may order an appellant to file of record a concise statement of errors complained of on appeal. The trial court must allow the appellant at least 21 days from the date of the order's entry for filing and service of the statement. "Whenever the trial court orders an appellant to file a concise statement of matters [sic] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner." *In re Clinton County Tax Claims Bureau Consolidated Return for Sale of September 24, 2012*, 109 A.3d 331, 334 (Pa. Cmwlth. 2015) (quoting *Hess v. Fox Rothschild, LLP*, 925 A.2d 798, 803 (Pa. Super. 2007)). "Failure to comply with the order's directive will result in waiver of all issues raised on appeal." *In re Clinton County Tax Claims Bureau*, 109 A.3d at 334 (citing *Commonwealth v. Schofield*, 888 A.2d 771, 774 (Pa. 2005)).

4

As already mentioned, the trial court issued an order pursuant to Pa. R.A.P. 1925(b) that provided Harclerode with 21 days to file and serve upon the court a concise statement of errors complained of on appeal. Because Harclerode failed to file and serve that statement, he has waived all issues on appeal.[1]

Accordingly, the trial court's order is affirmed.

_____
DAN PELLEGRNI, Senior Judge

---

[1] Even if we addressed the issue of standing, we would still affirm the trial court's order. Regarding that issue, Harclerode contends that "[e]ven though [he] filed a complaint almost ten years earlier, given the improvement of science and data and evidence from that point, the complaint is founded upon new evidence. Plus, there was never a hearing on the merits in the first instance." (2016 Complaint at 8-9.) While he is correct that claim and/or issue preclusion cannot apply because the 2007 Complaint was dismissed for lack of standing and was not a judgment on the merits, he still does not have standing to maintain this action for the same reasons set forth in *Harclerode I*.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Thomas J. Harclerode,                  :
                        Appellant      :
                                       :
            v.                         : No. 305 C.D. 2017
                                       :
Everett Area School District           :
Superintendent and School Board        :


# **O R D E R**


AND NOW, this 16th day of February, 2018, the order of the Court of Common Pleas of Bedford County in the above-captioned matter is affirmed.


_____
DAN PELLEGRNI, Senior Judge