# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Commonwealth of Pennsylvania | : | |
| | : | |
| v. | : | No. 555 C.D. 2020 |
| | : | SUBMITTED: May 6, 2022 |
| Property Located at 2504 US Hwy | : | |
| 522 N., Lewistown, Mifflin County, | : | |
| Pennsylvania, and $140.00 in | : | |
| United States Currency | : | |
| | : | |
| Appeal of: Scott A. Shreffler | : | |

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

## OPINION NOT REPORTED

**MEMORANDUM OPINION BY**
**SENIOR JUDGE LEADBETTER**                          **FILED:  August 25, 2022**


Scott A. Shreffler appeals from an order of the Court of Common Pleas of Mifflin County granting the petition for forfeiture filed by the Commonwealth of Pennsylvania.  In addition, we consider the Commonwealth's application to quash Shreffler's appeal as untimely and Shreffler's application to address timeliness of notice of appeal.[1]  For the reasons that follow, we grant the Commonwealth's application and dismiss Shreffler's appeal.  Consequently, we do not reach the merits of whether the trial court erred in granting the petition for forfeiture.

The relevant background of this matter is as follows.  In June 2017, the trial court granted the Commonwealth's petition for forfeiture as a result of Shreffler's three convictions under The Controlled Substance, Drug, Device and

---

[1] In January 2022, this Court directed that the two applications be addressed with the merits.

Cosmetic Act (Drug Act)[2] for the sale of drugs at his residence (2504 U.S. Highway 522 North, Lewistown, Mifflin County, Pennsylvania). In October 2018, this Court vacated the trial court's order and remanded the matter to the trial court for reconsideration of Shreffler's Excessive Fines Clause[3] challenge to the forfeiture using the instrumentality and proportionality assessment established in *Commonwealth v. 1997 Chevrolet and Contents Seized from Young (1997 Chevrolet)*, 160 A.3d 153 (Pa. 2017). We stated: "Because *1997 Chevrolet* was filed on the day the trial court heard and decided [the petition], [it] did not have the benefit of our Supreme Court's clarification of the instrumentality and proper proportionality assessment." *Commonwealth v. The Prop. Located at 2504 U.S. Highway 522 N., Lewistown, Mifflin Cnty., Pa.; and $140.00 in U.S. Currency (Shreffler I)* (Pa. Cmwlth., No. 1686 C.D. 2017, filed Oct. 23, 2018), slip op. at 8.

On remand, the trial court conducted hearings in September and October 2019. By order entered December 16, 2019, the trial court once again granted the forfeiture petition. On January 24, 2020, Shreffler's hand-dated January 16, 2020 notice of appeal was filed with the Mifflin County Prothonotary. In February 2020, the notice of appeal was docketed with the Pennsylvania Superior Court at Docket No. 145 MDA 2020. In Shreffler's docketing statement, he indicated that the date on which he filed the notice of appeal was "By Prisoner Mailbox Rule 1-16-20." (Feb. 20, 2020, Superior Ct. of Pa. Civil Docketing Stmt. at 1.) Subsequently, the Commonwealth filed an application to quash Shreffler's

---

[2] Act of April 14, 1972, P.L. 233, *as amended*, 35 P.S. §§ 780-101 - 780-144.

[3] The Eighth Amendment to the United States Constitution, which is applicable to the states, provides: "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII.

appeal as untimely. In May 2020, the Superior Court transferred the case to Commonwealth Court.

We first address whether Shreffler's appeal should be dismissed based on the dates on which he filed his concise statement of errors complained of on appeal (concise statement) and/or notice of appeal. In conjunction with those filings, we consider the prisoner mailbox rule under which "a prisoner's *pro se* appeal is deemed filed at the time it is given to prison officials or put in the prison mailbox." *Kittrell v. Watson*, 88 A.3d 1091, 1096 (Pa. Cmwlth. 2014). Generally, a statement on the certificate of service alone is not sufficient proof that the prisoner mailbox rule applies. *See Sweesy v. Pa. Bd. of Prob. & Parole*, 955 A.2d 501, 503 (Pa. Cmwlth. 2008) (holding that court needs "reasonably verifiable evidence of date inmate deposits appeal, including but not limited to, "certificates of mailing, cash slips, affidavits, and prison operating procedures").

In the trial court's statement filed pursuant to Pennsylvania Rule of Appellate Procedure 1925(a), Pa. R.A.P. 1925(a), the court indicated that this Court should dismiss Shreffler's appeal for failure to file a timely concise statement. *See, e.g.*, *Commonwealth v. Wallace*, 97 A.3d 310, 318 n.14 (Pa. 2014) (where concise statement almost three months late, issues waived); *In re: Clinton Cnty. Tax Claims Bureau Consol. Return*, 109 A.3d 331 (Pa. Cmwlth. 2015) (where concise statement filed on twenty-second day contrary to trial court's order, issues waived). In support, the trial court stated:

> [Shreffler] was directed on January 29, 2020, to file a Statement of [Errors] Complained on Appeal within twenty-one (21) days of the Order. On February 12, 2020, [he] filed for a twenty (20)[-]day extension to file a Statement . . . . [His] Statement was due on March 5, 2020. Having not received his filing until March 13, 2020, [his] Statement is untimely.

3

(March 16, 2020, Trial Ct. Stmt. in Compliance with Pa. R.A.P. 1925 at 1; Record, Item No. 64.)

Shreffler's concise statement is hand-dated March 4, 2020. (March 13, 2020, Concise Stmt. at 1 and 13; Record, Item No. 62.) However, there is no way for this Court to know when Shreffler handed it to prison officials or placed it in the prison mailbox. Consequently, we cannot rely on Shreffler's failure to file a timely concise statement as support for dismissing his appeal. Nevertheless, there is support for granting the application to quash. The trial court's order was entered on December 16, 2019, Shreffler's notice of appeal was hand-dated January 16, 2020, and his docketing statement indicated a notice of appeal filing date "By Prisoner Mailbox Rule 1-16-20." Pursuant to Pennsylvania Rule of Appellate Procedure 903(a), the appeal was required to be filed within thirty days after entry of the trial court's December 16, 2020 order. Notwithstanding Shreffler's assertion that January 16, 2020, was a clerical error, it falls thirty-one days after entry of the trial court's order. The failure to file a timely appeal is a jurisdictional defect, and this Court may not enlarge the time for filing a notice of appeal. Pa. R.A.P. 105(b). Accordingly, we grant the Commonwealth's application to quash Shreffler's appeal as untimely, deny Shreffler's application to address timeliness of notice of appeal, and dismiss his appeal.[4]

---

[4] Had we considered the merits, we would have concluded that the trial court complied with *Shreffler I* and that it did not err in granting the forfeiture petition. In determining whether forfeiture of property constitutes an excessive fine, a court must assess "whether the value of the property sought to be forfeited is grossly disproportional to the gravity of the underlying offense. If it is grossly disproportional, the forfeiture is unconstitutional." *1997 Chevrolet*, 160 A.3d at 191. As an initial matter, a court must engage in an "instrumentality" analysis, which requires that the property itself be significantly used in the commission of the offense. *Id*. at 185. Next, a court must conduct a proportionality review comparing the amount of the forfeiture to the gravity of the
**(Footnote continued on next page…)**

**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita

offense.  If the forfeiture amount is grossly disproportional to the gravity of the offense, it is unconstitutional.  *Id*. at 186.

In concluding that the property was uniquely important to Shreffler delivering controlled substances and not merely incidental or fortuitous to an illegal enterprise, the trial court noted that the drug transactions on the property were deliberate, planned, and occurred on multiple occasions. (Dec. 16, 2019 Trial Ct. Op. at 3.)  In addition, the court determined that, due to the nature of the property, it was not divisible such that the whole of the property was used as an instrumentality of the underlying offenses.  (*Id*.)

In determining that the value of the property sought to be forfeited was not grossly disproportional to the gravity of the underlying offenses, the trial court noted that the fair market value of the property was $26,000 and that it was not livable.  Specifically, the property was in a state of disrepair without working utilities and with broken windows, rotten wood, and a cracked foundation.  In addition, there was personal property, clothing, and some furniture scattered around on the inside and tires and garbage strewn about on the outside.  (*Id*. at 3-4.)  Further, although Shreffler testified that he bought the home for his son to have a place to live, in addition to the property's unlivable condition, Shreffler's parental rights were terminated shortly after his incarceration, so there was no evidence that an innocent third party would be harmed by the forfeiture.  In addition, with Shreffler incarcerated, there was no evidence that the forfeiture would deprive him of a livelihood.  (*Id*. at 4.)

In concluding that the amount of the forfeiture was not grossly disproportional to the gravity of the offenses, the trial court noted that (1) the Mifflin County Drug Task Force was able to conduct three drug buys at the property involving heroin, Buprenorphine, and cocaine; (2) Shreffler only sold drugs from his residence; (3) Shreffler's conduct directly harmed private citizens; (4) Shreffler's illegal actions showed a pattern of misbehavior causing actual harm to the community; and (5) Shreffler's illegality required the expenditure of significant police resources. In addition, the court noted that the potential statutory maximum penalty for Shreffler's offenses was a sentence of imprisonment not exceeding 15 years, or payment of a fine not exceeding $250,000, or both, or such larger amount as would be sufficient to exhaust the assets utilized in and the profits obtained from the illegality.  (*Id*. at 5.)  Accordingly, the court concluded that the forfeiture of the property did not constitute an unconstitutional excessive fine.

5

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Commonwealth of Pennsylvania     :
    :
          v.     :    No. 555 C.D. 2020
    :
Property Located at 2504 US Hwy     :
522 N., Lewistown, Mifflin County,     :
Pennsylvania, and $140.00 in     :
United States Currency     :
    :
Appeal of: Scott A. Shreffler     :

# **O R D E R**

AND NOW, this 25th day of August, 2022, the Commonwealth of Pennsylvania's application to quash the appeal of Scott A. Shreffler is hereby GRANTED, and Shreffler's application to address timeliness of notice of appeal is DENIED. Accordingly, Shreffler's appeal is hereby DISMISSED as untimely filed.

 

_____
**BONNIE BRIGANCE LEADBETTER,**
President Judge Emerita