## COMMONWEALTH of Pennsylvania

### v.

### Alice HOLTZAPFEL, Appellant.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 2005.

Decided April 4, 2006.

---

Alice Holtzapfel, appellant, pro se.

Michael Georgalas, Pittsburgh, for appellee.

BEFORE: COLINS, President Judge, and SIMPSON, Judge, and LEAVITT, Judge.

OPINION BY Judge SIMPSON.

Alice Holtzapfel, representing herself, appeals an order of the Court of Common Pleas of Allegheny County (trial court) finding her in violation of the property maintenance code adopted by the Borough of Bellevue (Borough), and fining her $1,000.00 plus costs. Concluding Holtzapfel waived all issues by failing to file a timely Concise Statement of Matters Complained of on Appeal as directed by the trial court, we affirm.

Holtzapfel is the owner of property located at 40 Kendall Avenue, Bellevue, Pennsylvania (Subject Property) upon which a two-story residential building exists. In August 2004, the Borough's Code Enforcement Officer sent Holtzapfel a certified letter directing her to remove rubbish and debris from the Subject Property. Holtzapfel did not comply with this request.

Two months later, the Code Enforcement Officer issued Holtzapfel a citation for failing to remove the rubbish and debris from the front porch and side and rear yards of her residence in violation of Section 302.1 of the International Property Maintenance Code (1998), adopted by the Borough. Section 302.1 provides, "All exterior property and premises shall be maintained in a clean, safe and sanitary condition. The occupant shall keep that part of the exterior property which such occupant occupies or controls in a clean and sanitary condition." *Id.*

After a hearing, a magisterial district judge found Holtzapfel guilty of violating Section 302.1, and imposed a fine of $1,000.00 plus costs. Holtzapfel appealed to the trial court.

The trial court initially scheduled a hearing on Holtzapfel's summary appeal in late January 2005. After reviewing photographs of the Subject Property submitted by the Borough, however, the trial court postponed the hearing, and granted Holtzapfel 60 days to improve the condition of the Subject Property.

Three months later, the trial court conducted a *de novo* hearing. At this hearing, the Borough submitted new photographs of the Subject Property taken by its Code Enforcement Officer the day before the hearing. These photographs revealed a substantial amount of rubbish and debris on the front porch and side and rear yards of Holtzapfel's residence.

In response, Holtzapfel submitted her own photographs, taken three days prior to the hearing, which purported to show she improved the condition of the Subject Property since the time of the initial hearing. In addition, Holtzapfel and her daughter explained they cleaned the exterior of the Subject Property.

 Concluding the Borough established Holtzapfel violated Section 302.1 by failing to maintain the exterior of the Subject Property in a clean and sanitary condition, the trial court found Holtzapfel guilty and imposed a fine of $1,000 plus costs. Holtzapfel appealed.[1]

---

1. Holtzapfel initially appealed to the Superior Court, which, in turn, transferred the case to this Court.

Where the trial court receives additional evidence in deciding whether a party committed a summary violation of an ordinance, our review is limited to determining whether the trial court abused its discretion or committed an error of law. *Commonwealth v. Spontarelli*, 791 A.2d 1254 (Pa.Cmwlth.2002).

On May 23, 2005, the trial court entered an order directing Holtzapfel to file a Concise Statement of Matters Complained of on Appeal within 14 days pursuant to Pa. R.A.P. 1925(b). However, Holtzapfel did not file her 1925(b) Statement until June 27, 2005. As a result, in July 2005, the trial court issued an opinion pursuant to Rule 1925(a) in which it opined Holtzapfel's failure to file a timely 1925(b) Statement resulted in waiver of any issues she could raise on appeal.

■■■ Pennsylvania Rule of Appellate Procedure 1925(b) provides:

**Direction to file statement of matters complained of.** The lower court forthwith may enter an order directing the appellant to file of record in the lower court and serve on the trial judge a concise statement of the matters complained of on the appeal no later than 14 days after entry of such order. A failure to comply with such direction may be considered by the appellate court as a waiver of all objections to the order, ruling or other matter complained of.

Pa. R.A.P. 1925(b). "Pa. R.A.P. 1925 is intended to aid trial judges in identifying and focusing upon those issues which the parties plan to raise on appeal. Rule 1925 is thus a crucial component of the appellate process." *Commonwealth v. Lemon,* 804 A.2d 34, 37 (Pa.Super.2002) (citing *Commonwealth v. Lord,* 553 Pa. 415, 719 A.2d 306 (1998)). Pursuant to this Rule, issues are considered waived when no 1925(b) statement is filed or when an issue is not included in a filed statement. *Caln Nether Co., L.P. v. Bd. of Supervisors of Thornbury Twp.,* 840 A.2d 484 (Pa. Cmwlth.), *petition for allowance of appeal denied,* 579 Pa. 694, 856 A.2d 835 (2004).

■ In order to preserve their claims for review, appellants must comply whenever a trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Rule 1925. *Lord; see*

*also Commonwealth v. Butler,* 571 Pa. 441, 445, 812 A.2d 631, 633 (2002) ("[W]aiver under Rule 1925 is automatic."); *Center City Residents Ass'n v. Zoning Bd. of Adjustment of the City of Phila.,* 843 A.2d 426 (Pa.Cmwlth.2004), *petition for allowance of appeal denied,* —— Pa. ——, 895 A.2d 551 (2006).

In two recent companion cases, our Supreme Court announced a bright-line rule concerning the filing of 1925 Statements. *See Commonwealth v. Castillo,* 585 Pa. 395, 888 A.2d 775 (2005); *Commonwealth v. Schofield,* 585 Pa. 389, 888 A.2d 771 (2005). Pursuant to *Castillo* and *Schofield,* if an appellant fails to comply with a trial court order by filing a timely Concise Statement of Matters Complained of on Appeal as required by Pa. R.A.P.1925, all issues are waived.

A more detailed explanation of *Castillo* and *Schofield* is helpful. In *Castillo,* the trial court issued an order requiring the appellant to file a 1925(b) Statement. In violation of Pa. R.A.P. 1925(b)'s requirement that an appellant file his statement within 14 days after entry of the trial court's directive order, the appellant filed his Statement over one month late. Because the trial court issued an opinion addressing the sole issue raised in the appellant's untimely Statement, our Superior Court declined to find waiver. Our Supreme Court granted allowance of appeal on the following issue:

Should this Court reconsider its decisions in [*Lord*] and [*Butler*], so as to allow discretion in the intermediate appellate courts to review an issue that was not raised in a timely statement of matters complained of on appeal under Pa. R.A.P. 1925(b); if so, what standards should be imposed to guide such discretion.

*Id.* at 396, 888 A.2d at 776 (footnote omitted). Responding to this issue, the Court

held: "We now reaffirm the bright-line rule of *Lord* and *Butler*, reversing the Superior Court, which addressed an issue raised in an untimely Pa. R.A.P. 1925(b) statement." *Id.* Explaining a bright-line rule is necessary to avoid inconsistency and uncertainty in the application of Rule 1925(b), our Supreme Court stated:

[T]he *Lord/Butler* rule remains necessary to insure trial judges in each appealed case the opportunity to opine upon the issues which the appellant intends to raise, and thus provide appellate courts with records amenable to meaningful appellate review. *See Lord*, 719 A.2d at 308. This firm rule avoids the situation that existed prior to *Lord* where trial courts were forced to anticipate which issues the appellant might raise and appellate courts had to determine "whether they could conduct a 'meaningful review' despite an appellant's failure to file a Pa. R.A.P. 1925(b) statement or to include certain issues within a filed statement." *Butler*, 812 A.2d at 633. Moreover, the system provides litigants with clear rules regarding what is necessary for compliance and certainty of result for failure to comply. . . .

Therefore, we reverse the Superior Court and re-affirm the bright-line rule first set forth in *Lord* that "in order to preserve their claims for appellate review, [a]ppellants must comply whenever the trial court orders them to file a Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925. Any issues not raised in a Pa. R.A.P. 1925(b) statement will be deemed waived." *Lord*, 719 A.2d at 309.

In reversing the court below, we specifically voice our disapproval of prior decisions of the intermediate courts to the extent that they have created exceptions to *Lord* and have addressed issues that should have been deemed waived. *See, e.g., Commonwealth v. Alsop*, 799

A.2d 129 (Pa.Super.2002) (declining to waive issues raised in untimely Pa. R.A.P. 1925(b) statement based on finding of no impediment to appellate review given trial court's discussion of issues); *Commonwealth v. Ortiz*, 745 A.2d 662 (Pa.Super.2000) (same).

*Id.* at 402–03, 888 A.2d at 779–80.

In *Schofield*, the trial court issued an order requiring an unrepresented appellant to file a 1925(b) Statement. Although the appellant claimed she filed a timely 1925(b) Statement, the certified record did not include such a Statement. Several months later, the trial court issued a 1925(a) opinion in which it acknowledged receipt of the appellant's 1925(b) Statement; however, the opinion was silent as to whether the appellant provided the trial judge with the Statement within the required time constraints. Thus, it was unclear whether the appellant filed her 1925(b) Statement within the 14–day period set forth in the Rule. On appeal, the Superior Court held the appellant waived all issues raised on appeal by failing to comply with Rule 1925(b)'s requirement that an appellant file the statement "of record in the lower court" as well as serve it on the trial judge. Our Supreme Court affirmed, explaining:

While we acknowledge the equitable appeal of granting relief in this case, we reassert our holding in *Lord, Butler*, and now, *Castillo*, that failure to comply with the minimal requirements of Pa. R.A.P. 1925(b) will result in automatic waiver of the issues raised. . . . As discussed in the companion case, *Castillo*, the requirement of strict compliance with Pa. R.A.P. 1925(b) guarantees a trial judge's ability to focus on the issues raised by the appellant, and thereby, allows for meaningful and effective appellate review. Moreover, a bright-line rule eliminates the potential for the inconsistent results that existed prior to *Lord*, when

trial courts and appellate courts had discretion to address or to waive issues raised in non-compliant Pa. R.A.P. 1925(b) statements.

*Id.* at 393, 888 A.2d at 774.

Applying *Castillo* and *Schofield* here, we conclude Holtzapfel waived all issues raised on appeal. More specifically, in this case, on May 23, 2005, the trial court entered an order directing Holtzapfel to file a Concise Statement of Matters Complained of on Appeal pursuant to Pa. R.A.P. 1925(b) within 14 days. Holtzapfel, however, did not file her 1925(b) Statement until June 27, 2005, several weeks after the expiration of the 14-day period established by Rule 1925 and as set forth in the trial court's directive order. As a result, Holtzapfel waived all issues raised on appeal. *Castillo; Schofield.*

 Accordingly, we affirm.[2]

### *ORDER*

AND NOW, this 4th day of April, 2006, the order of the Court of Common Pleas of Allegheny County is **AFFIRMED.**

---

2. As to the substantive issues, Holtzapfel raises two arguments, both of which lack merit. First, Holtzapfel argues, based on the photographs she submitted, the trial court erred in determining she did not improve the unsanitary condition of the Subject Property. She further contends the trial court failed to give appropriate consideration to her photographs. We disagree.

The trial court, sitting as fact-finder, is free to believe all, part or none of the evidence, to make all credibility determinations, and to resolve all conflicts in the evidence. *Allegheny Ludlum Corp. v. Mun. Auth. of Westmoreland County,* 659 A.2d 20 (Pa.Cmwlth.1995). Here, the trial court determined Holtzapfel failed to maintain the Subject Property in a clean and sanitary manner. In making this determination, the trial court relied on the photographs submitted by the Borough, taken by its Code Enforcement Officer one day before the hearing. A review of these photographs supports the trial court's determination that Holtzapfel failed to maintain the exterior of the Subject Property in a clean and sanitary manner. Although Holtzapfel submitted other photographs taken a few days earlier that purport to show she improved the condition of the Subject Property, the trial court afforded greater weight to the more recent Borough photographs. We cannot reweigh the evidence to reach a contrary factual conclusion. *See Thompson v. State Civil Serv. Comm'n,* 863 A.2d 180 (Pa.Cmwlth.2004), *petition for allowance of appeal denied,* 583 Pa. 685, 877 A.2d 463 (2005).

Additionally, Holtzapfel asserts, although she attended the hearing before the magisterial district judge, she was too ill to understand the charges against her. Holtzapfel did not, however, raise this issue before the trial court; thus, it is waived. *See* Pa. R.A.P. 302(a). Further, even if not waived, this claim fails. After granting Holtzapfel 60 days to improve the condition of the Subject Property before imposing a fine, the trial court conducted a *de novo* hearing at which it provided Holtzapfel notice of the charges against her and a complete opportunity to be heard. Holtzapfel does not assert an inability to understand the nature of the trial court proceedings. Under these circumstances, any confusion concerning the proceedings before the magisterial district judge is immaterial.