The MAYOR and TOWN COUNCIL OF the BOROUGH OF CHAMBERSBURG

v.

**Robert KEELER, Appellant.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 17, 2014.

Decided Feb. 10, 2014.

Robert Keeler, pro se.

Stephen T. Coccorese, Chambersburg, for appellee.

BEFORE: PELLEGRINI, President Judge, and COHN JUBELIRER, Judge, and FRIEDMAN, Senior Judge.

OPINION BY Senior Judge FRIEDMAN.

Robert Keeler appeals, *pro se,* from the November 28, 2012, order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch) (trial court), which granted the motion for judgment on the pleadings filed by the Mayor and Town Council of the Borough of Chambersburg (together, Chambersburg), sustained Chambersburg's preliminary objections to Keeler's new matter, striking paragraphs 6

through 19 of the affidavit of defense, and entered judgment in favor of Chambersburg and against Keeler for the sum of $1,152.44 plus interest and attorney fees. We affirm.

■ On May 13, 2010, Chambersburg filed a municipal claim against Keeler for unpaid municipal services at a property located at 261–263 Lincoln Way East, Chambersburg, Pennsylvania. On July 23, 2012, the trial court issued a writ of *scire facias* on Chambersburg's claim. The writ noted that the balance due was $1,152.44, plus 10% interest, costs, and attorney fees.

On August 28, 2012, Keeler filed an affidavit of defense and petition for restraining order, admitting that: (1) he resides at the property against which Chambersburg filed the lien, (2) he has one or more utility accounts at that address, and (3) the utility accounts are in arrears. Keeler explained that the arrears were due to his suffering a series of strokes and heart failures and losing his business, which hampered his job search. (Aff. of Defense, at 2.) Keeler further explained that he plans to pay the arrearages with money from the heating assistance program. (*Id.*, at 3.) Keeler lives in the house, has no heat, and would pay if he had the ability. (*Id.*, at 3.) Keeler requested that Chambersburg be enjoined from further action and that the claim for legal costs be set aside. (*Id.*)

On September 12, 2012, Chambersburg filed a motion for judgment on the pleadings and preliminary objections to Keeler's new matter, the petition for a restraining order. On that same date, Chambersburg sent Keeler a notice of utility services termination advising him that his water service would be disconnected on September 24, 2012, due to his non-payment. Keeler replied to Chambersburg by letter dated September 18, 2012, stating that he was "surprised" to receive the notice because he was assured that the water service

would not be terminated and that Chambersburg had agreed to waive the attorney fees and interest, which were included in the notice. Keeler disputed certain portions of Chambersburg's claim, including the amount of arrearage, the interest, and the attorney fees. (Keeler Letter, 9/18/12, at 1.)

On September 21, 2012, Keeler filed an emergency petition for injunctive relief, requesting that Chambersburg be precluded from terminating his water service during the current litigation. On that same date, Chambersburg notified Keeler that his water service would not be terminated until this matter was resolved. (Chambersburg Letter, 9/21/12, at 1.) On September 24, 2012, the trial court dismissed Keeler's emergency petition for injunctive relief as moot because Chambersburg agreed not to terminate Keeler's water service. (Trial Ct. Order, 9/24/12, at 1.)

On October 25, 2012, Keeler filed an answer to Chambersburg's motion for judgment on the pleadings and preliminary objections to Keeler's new matter. Keeler admitted that he lives at the subject property, has utility accounts at the property and that his utility accounts are in arrears; he denied the remainder of Chambersburg's averments. Specifically, Keeler contested that the amount of unpaid services is $1,152.42 plus interest and attorney fees, and stated that he "does not have specific knowledge to admit or deny" that averment, thus it is denied. (Keeler's Answer, 10/25/12, at 1–2.)

Further, Keeler asserted that, prior to filing the writ, Chambersburg "unconditionally waived the attorney fees, court costs, and interest." (*Id.* at 2–3.) Keeler alleged that: (1) the amount of arrearage remains in dispute, (2) Keeler was improperly denied utility assistance, and (3) Chambersburg waived Keeler's liability for

the interest, costs, and attorney fees.[1] (*Id.* at 4–5.)

On November 28, 2012, the trial court granted Chambersburg's motion, found no material dispute of fact, and struck the new matter in Keeler's affidavit that contained "extraneous, irrelevant, and impertinent" material. (Trial Ct. Order, at 2.) The trial court stated, "Although [Keeler] disputes the amount of the lien, the amount is a matter of record." (Trial Ct. Opinion, at 2.) Keeler appealed to this court.

On January 3, 2013, the trial court issued an order that was docketed on January 7, 2013, requiring Keeler to file his Statement within "twenty-one (21) days from the date of this Order's entry on the docket." (Tr. Ct. Order, 1/3/13, at 1; *see also* Pa. R.A.P. 1925(b)(2) (requiring judge to "allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement").) The order further notified Keeler that "any issue not properly included in the *Statement of Errors Complained of on Appeal* timely filed and served pursuant to [Pa. R.A.P.] 1925(b) shall be deemed waived." (Tr. Ct. Order, 1/3/13, at 1.) On February 4, 2013, Keeler filed his Statement, 28 days after the trial court order was docketed.

Before this court, Chambersburg contends that Keeler failed to timely file a concise statement of errors complained of on appeal (Statement) and, thus, has waived all appellate issues.

Keeler asserts that the trial court order was mailed on January 9, 2013, that the 21st day after mailing was January 30, 2013, and, allowing three days for mail transit,[2] brings the due-date to Saturday, February 2, 2013, when the court was closed. Therefore, the due-date was the next business day, Monday, February 4, 2013, the date Keeler filed his Statement. We disagree.

In *Commonwealth v. Holtzapfel,* 895 A.2d 1284, 1289 (Pa.Cmwlth.2006), this court determined that a *pro se* appellant waived all of her issues when she filed her Statement several weeks after the trial-court-ordered, 14–day time period, in which to file, had expired. We upheld the "bright-line rule," removing any discretion the appellate courts had to address or waive issues in order to eliminate the potential for inconsistent results. *Id.* at 1288–89.

Here, the trial court order gave Keeler 21 days from the date the order was docketed, not mailed, in which to file the Statement. The docket indicates that the trial court mailed the order to Keeler on January 7, 2013, not on January 9, 2013, as Keeler asserts.[3] Thus, the Statement was due on Thursday, January 31, 2013, giving 21 days from January 7, 2013, and allowing three days for mailing. Keeler did not file his Statement until February 4,

---

1. Keeler also alleges misconduct by Chambersburg employees in inappropriately denying him utility benefits. However, this claim is unrelated to the current litigation.

2. Pursuant to Pa. R.A.P. 1925(b)(1), the appellant "shall" file the Statement and serve the judge in person or by mail as provided in Pa. R.A.P. 121(a). Pa. R.A.P. 121(a) provides for service by mail and Pa. R.A.P. 121(e) adds an additional three days to the prescribed period for service by mail and commercial carriers. *See Julia Ribaudo Senior Services v. Depart-*

*ment of Public Welfare,* 600 Pa. 641, 657–61, 969 A.2d 1184, 1194–96 (2009) (Saylor, J., dissenting).

3. Proof of mailing is established by the mailing date noted on the court docket. *See Schlag v. Department of Transportation, Bureau of Drive Licensing,* 963 A.2d 598, 601–02 (Pa.Cmwlth.2009) (finding that timeliness cannot be determined if the mailing date is not noted on the court docket).

2013. Therefore, Keeler waived all issues on appeal to this court.[4]

Accordingly, we affirm the trial court.

## ORDER

AND NOW, this 10th day of February, 2014, we hereby affirm the November 28, 2012, order of the Court of Common Pleas of the 39th Judicial District (Franklin County Branch).

4. However, even if Keeler's claims were not waived, we would still affirm the trial court. Keeler asserts that the trial court erred in granting Chambersburg's motion for judgment on the pleadings and preliminary objections because there is an issue as to whether Keeler owes interest and attorney fees on the municipal lien. Keeler does not question the principal amount of the lien, only the interest and attorney fees owed.

Section 3 of the Municipal Claims and Tax Liens Act, Act of May 16, 1923, P.L. 207, *as amended*, 53 P.S. § 7106(a), provides in part as follows:

All municipal claims, municipal liens ... which may hereafter be lawfully imposed or assessed on any property in this Commonwealth ... shall be and they are hereby declared to be a lien on said property, together with all charges, expenses, and fees incurred in the collection of any delinquent account, including reasonable attorney fees under subsection (a.1), added thereto for failure to pay promptly....

The Chambersburg Borough Code (Code) provides that the interest rate for the collection of municipal liens "shall be at a rate of 10% annually." (Code § 186–1.) The Code also provides that Chambersburg "shall collect reasonable attorney fees incurred in the collection of municipal claims in addition to the other collection fees, penalties and expenses." (Code § 186–2.)

Because the Code requires the imposition of interest and attorney fees incurred during the collection of municipal liens, Keeler could not prevail even if he had timely filed.