IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,                         :
                        Appellant          :
                                           :
            v.                             :
                                           :  No. 598 C.D. 2016
City of Bethlehem                          :  Submitted: November 10, 2016


BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
          HONORABLE ANNE E. COVEY, Judge
          HONORABLE DAN PELLEGRINI, Senior Judge


OPINION NOT REPORTED


MEMORANDUM OPINION BY
SENIOR JUDGE PELLEGRINI                     FILED: December 6, 2016


          Alvin S. Kanofsky (Kanofsky) appeals, *pro se*, from the order of the
Court of Common Pleas of Northampton County (trial court) denying his appeal from
a decision of the City of Bethlehem Code Board of Appeals (Board) finding that he
was in violation of Article 1733 of the Codified Ordinances of the City of Bethlehem
(Ordinance). For the reasons that follow, we affirm.


**I.**

          Kanofsky is the owner of commercial property located at 30 East Third
Street (Building) in the City of Bethlehem (City), Northampton County,
Pennsylvania. This Building has been the subject of several lawsuits in the trial court
pertaining to alleged code violations as well as appeals to this Court including our

recent decision in *Kanofsky v. City of Bethlehem* (Pa. Cmwlth., No. 2163 C.D. 2015, filed September 28, 2016) 2016 WL 5400490.

Here, on August 25, 2015, Craig Hynes (Hynes), the City's chief code official, issued a notice of violation to Kanofsky because an inspection revealed that the plaster stucco finish on the eastern exterior wall of the Building was deteriorating and in danger of falling off in violation of Section 304.6 of the International Property Maintenance Code (IPMC) (2009 ed.) which was adopted as Article 1733 of the Ordinance. Specifically, Section 304.6 of the IPMC requires that the exterior of buildings be maintained free from holes, breaks and loose or rotted material and be maintained weatherproof. The notice stated that Kanofsky had 15 days to repair the loose and cracked material or he could be subject to fines. Kanofsky failed to make the necessary repairs.

Kanofsky filed a timely appeal of the notice of violation and on September 24, 2015, the Board unanimously found Kanofsky in violation of Article 1733, Section 304.6 of the IPMC. Kanofsky then appealed the Board's decision to the trial court[1] and a hearing was scheduled for March 14, 2016.[2] Kanofsky filed an

---

[1] Kanofsky's appeal was docketed in the trial court at Case No. C-48-CV-2015-10074.

[2] On May 15, 2015, the City's Blighted Property Review Committee (Committee) issued an official notice that the property the Building was located on was blighted pursuant to Article 149 of the Ordinance and Section 12.1 of the Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. § 1712.1, added by Section 2 of the Act of June 23, 1978, P.L. 556. Following a hearing, the Committee issued a decision declaring the property to be blighted. Kanofsky appealed to the trial court and the case was docketed at Case No. C-48-CV-2015-7937. That appeal was scheduled for a hearing before the trial court on March 14, 2016, the same day as Kanofsky's IPMC code violation appeal hearing.

application for a continuation, which was denied, and he failed to appear at the March 14, 2016 hearing.

Hynes testified that one of the expansion joints on the eastern wall of the Building was starting to buckle and that there was a gap in the wall measuring approximately 2 to 3 inches wide by 15 to 18 feet long. Hynes testified that water could infiltrate the wall through the gap, and once the water freezes in winter, it would expand and cause parts of the wall to crack and fall off. Hynes provided pictures that were entered into evidence showing the gap and deterioration in the wall. Hynes also testified that as of the date of the hearing, the wall had not been repaired and Kanofsky had made no effort to repair the deteriorating stucco.

After hearing this evidence and given Kanofsky's failure to appear, the trial court issued an order denying Kanofsky's appeal and finding that he was in violation of the Ordinance. This appeal followed.[3]

## II.

Kanofsky appears to argue that the trial court erred in finding him responsible for the violation and that the City itself was, in fact, the responsible party. He also argues that Hynes "exaggerate[ed] the so called violations, such as bricks falling out side and back wall, etc." (Kanofsky Brief at 15.) This argument is without merit. First, Kanofsky is admittedly the owner of the Building and he failed

---

[3] Our review is limited to determining whether constitutional rights were violated or whether the trial court abused its discretion or committed an error of law. *Borough of Walnutport v. Dennis*, 114 A.3d 11, 17 n.5 (Pa. Cmwlth. 2015).

to appear at the hearing on this matter, let alone attempt in any way to rebut the testimony and evidence presented by the City. Second, Hynes did not testify to bricks falling out the side and back walls of the Building, and his testimony regarding the significant gap in the wall is supported by photographic evidence. Third, since the trial court was sitting as fact-finder in this case, it was free to make credibility determinations and to believe all, part or none of Hynes' testimony. *See Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1289 n.2 (Pa. Cmwlth. 2006) (citing *Allegheny Ludlum Corporation v. Municipal Authority of Westmoreland County*, 659 A.2d 20 (Pa. Cmwlth. 1995)). As such, there is competent evidence in the record to support the determination that the condition of the Building violated Article 1733 of the Ordinance.

In his brief to this Court, Kanofsky repeatedly references facts from and makes arguments related to an appeal of the Committee's determination that his property was blighted. However, Kanofsky's notice of appeal and proof of service in this case only lists one docket number from which he is appealing – Case No. C-48-CV-2015-10074 – which pertains to the code violation for the deteriorating stucco on the side of the Building. In addition, Kanofsky's brief to this Court indicates that the order he is appealing is that issued by the trial court on March 14, 2016, which deals solely with that code violation. Therefore, any arguments Kanofsky makes with respect to the Committee's determination on blight are not properly before this Court and will not be addressed. Similarly, Kanofsky's attempts to re-assert arguments previously made and ruled upon in the case *Kanofsky v. City of Bethlehem* (Pa.

4

Cmwlth., No. 2163 C.D. 2015, filed September 28, 2016) 2016 WL 5400490, are inappropriate.[4]

Accordingly, the order of the trial court is affirmed.

_____
DAN PELLEGRINI, Senior Judge

---

[4] Kanofsky also argues that the trial court prevented him from receiving a copy of the transcript of the hearing in this matter. However, the trial court noted in its Rule 1925(a) opinion that Kanofsky was provided with a copy of the transcript in a timely manner once payment was received. Moreover, Kanofsky fails to claim that he was prejudiced in any way by the alleged delay.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Alvin S. Kanofsky,        :
           Appellant    :
                  :
        v.            :
                  :
City of Bethlehem         :   No. 598 C.D. 2016

# **O R D E R**

AND NOW, this 6th day of  December, 2016, the order of the Court of Common Pleas of Northampton County in the above-captioned matter is hereby affirmed.

_____
DAN PELLEGRINI, Senior Judge