J-A07021-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| K.N.L. | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| F.B. | : | |
| | : | |
| Appellant | : | No. 1023 MDA 2017 |

Appeal from the Order Entered June 13, 2017
In the Court of Common Pleas of Luzerne County Civil Division at No(s):
6747 of 2017

BEFORE:   PANELLA, J., OLSON, J., and STEVENS*, P.J.E.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 16, 2018**

Appellant, F.B., appeals from a June 13, 2017 order directing him, among other things, to avoid contact with K.N.L. for a period of two years pursuant to the Protection from Abuse Act (PFA), 23 Pa.C.S.A. § 6101 *et seq.*[1] The trial court, in its Pa.R.A.P. 1925(a) opinion, found that Appellant waived appellate review of his claims because he failed to comply timely with the court's order to file a concise statement of errors pursuant to Pa.R.A.P. 1925(b).  After careful review, we agree and, therefore, affirm.

We may dispense with a lengthy review of the underlying facts and procedural history since our disposition focuses exclusively upon matters of issue preservation and the application of Pa.R.A.P. 1925 to the facts of this

_____

[1] As this case involves an order under the PFA, and so as to protect the identity of the victim, we use the parties' initials.  We have amended the caption accordingly.

_____

*   Former Justice specially assigned to the Superior Court.

case. On June 13, 2017, the trial court entered a final PFA order in which it directed Appellant to refrain from future conduct with K.N.L. until June 13, 2019, the expiration date of the order. On June 26, 2017, Appellant filed a timely notice of appeal. The trial court, pursuant to Pa.R.A.P. 1925(b), thereafter ordered Appellant to file a concise statement of errors complained of on appeal on July 12, 2017. **See** Pa.R.A.P. Rule 1925(b) Order, 7/12/17, at 1. Specifically, the court's order directed Appellant to "file of record the statement and concurrently [serve the trial court] within thirty (30) days from the date this [o]rder is entered on the docket. Service shall be made in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)(1)." **Id.** The docket indicates that copies of the court's order were sent on July 13, 2017. Appellant filed his concise statement on August 15, 2017. **See** Appellant's Concise Statement of Errors Complained of on Appeal, 8/15/17, at 1. On September 28, 2017, the trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) finding that Appellant waived appellate review of his claims by failing to file his concise statement in a timely manner. **See** Trial Court Opinion, 9/28/17, at 1.

Before addressing the merits of Appellant's claims, we must evaluate whether Appellant has preserved those issues for our review, as required by Pa.R.A.P. 1925(b). **See Commonwealth v. Castillo**, 888 A.2d 775, 780 (Pa. 2005) (untimely concise statement waives all claims on appeal); **Commonwealth v. Lord**, 719 A.2d 306, 309 (Pa. 1998) ("[F]rom this date forward ... [a]ppellants must comply whenever the trial court orders them to

file a Statement of [Errors] Complained of on Appeal pursuant to Rule 1925. Any issues not raised in a 1925(b) statement will be deemed waived."); *see also* Pa.R.A.P. 1925(b)(4)(vii).

*Lord* operates as a bright-line rule, such that "failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised." ***Commonwealth v. Schofield***, 888 A.2d 771, 774 (Pa. 2005) (emphasis added); *see also Castillo*, 888 A.2d at 780. "Given the automatic nature of this type of waiver, we are required to address the issue once it comes to our attention." ***Greater Erie Industrial Development Corp. v. Presque Isle Downs, Inc.***, 88 A.3d 222, 224 (Pa. Super. 2014) (*en banc*). "[I]t is no longer within this Court's discretion to ignore the internal deficiencies of Rule 1925(b) statements." ***Id.***; ***Hess v. Fox Rothschild, LLP***, 925 A.2d 798, 803 (Pa. Super. 2007) ("Whenever a trial court orders an appellant to file a concise statement of [errors] complained of on appeal pursuant to Rule 1925(b), the appellant must comply in a timely manner.").

This Court looks to the terms of the trial court's Rule 1925(b) order to determine whether non-compliance with Pa.R.A.P. 1925 waives appellate review. ***In re Estate of Boyle***, 77 A.3d 674, 676 (Pa. Super. 2013). Pa.R.A.P. 1925(b) sets forth the following requirements for an order that directs the filing of a concise statement:

> **(b) Direction to file statement of errors complained of on appeal; instructions to the appellant and the trial court.**—If the judge entering the order giving rise to the notice of appeal ("judge") desires clarification of the errors complained of on appeal, the judge may enter an order directing the appellant to

file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ("Statement").

1) *Filing and service*.--Appellant shall file of record the Statement and concurrently shall serve the judge. Filing of record and service on the judge shall be in person or by mail as provided in Pa.R.A.P. 121(a) and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified in compliance with the requirements set forth in Pa.R.A.P. 1112(c). Service on parties shall be concurrent with filing and shall be by any means of service specified under Pa.R.A.P. 121(c).

(2) *Time for filing and service*.—The judge shall allow the appellant at least 21 days from the date of the order's entry on the docket for the filing and service of the Statement. Upon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental statement to be filed. In extraordinary circumstances, the judge may allow for the filing of a Statement or amended or supplemental Statement nunc pro tunc.

(3) *Contents of order*.—The judge's order directing the filing and service of a Statement shall specify:

(i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;

(ii) that the Statement shall be filed of record;

(iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1);

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b).

Here, the order directing Appellant to file a concise statement conformed

to Rule 1925(b). Specifically, the trial court directed Appellant to "file a

statement of errors complained of on appeal." *See* Pa.R.A.P. Rule 1925(b) Order, 7/12/17, at 1. The court noted that, "[t]he content of said statement [must] be consistent with the provisions provided in Pennsylvania Rule of Appellate Procedure 1925(b)." *Id.* The court further instructed Appellant to "file of record the statement and concurrently [serve the trial court] within thirty (30) days from the date this [o]rder is entered on the docket. Service shall be made in accordance with Pennsylvania Rule of Appellate Procedure 1925(b)(1)." *Id.* The order also provides that, "[t]he statement shall concisely identify each ruling or error that the [A]ppellant intends to challenge with sufficient detail to identify all pertinent issues. Any issue not properly included in the statement timely filed and served pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) shall be waived." *Id.* at 2. The court directed the clerk of courts to mail a copy of its Rule 1925(b) order to the petitioner and all counsel of record pursuant to Pa.R.C.P. 236, and the docket reflects that said copies were forwarded on July 13, 2017.[2] *See id.* Thus, the trial court's order conforms with Pa.R.A.P. 1925(b).

We turn now to Appellant's concise statement since we have confirmed the propriety of the trial court's initial order, as well as the issuance of notice

---

[2] While a failure to give written notice of the entry of a court order or a failure to note on the docket that notice was given will defeat waiver under Pa.R.A.P. 1925(b), docket notations such as those that appear in the certified record before us establish technical conformity with Pa.R.A.P. 1925(b). *Presque Isle*, 88 A.3d at 226; *In re L.M.*, 923 A.2d 505, 509–510 (Pa. Super. 2007).

to the parties. Although the trial court's order is dated July 12, 2017, the docket indicates that notice of the order was not disseminated until July 13, 2017. Pursuant to Pa.R.A.P. 108(b), "[t]he date of entry of an order in a matter subject to the Pennsylvania Rules of Civil Procedure shall be the day on which the clerk makes the notation in the docket that notice of entry of the order has been given." Pa.R.A.P. 108. Accordingly, the date of entry of the trial court's order is deemed to be July 13, 2017.

We follow Pa.R.C.P. 106 in computing the relevant filing deadline. In relevant part, Pa.R.C.P. 106 provides: "When any period of time is referred to in any rule, such period in all cases ... shall be so computed as to exclude the first and include the last day of such period." Pa.R.C.P. 106(a). We therefore exclude July 13, 2017 from our computation and begin with July 14, 2017. Counting 30 days from July 14, 2017, we calculate that the 30th day following entry of the trial court's order was Sunday, August 13, 2017. Because the filing period ended on a Sunday, we omit that day from our computation and the due date for Appellant's concise statement becomes Monday, August 14, 2017. *See* Pa.R.C.P. 106(b). Appellant did not file his concise statement until August 15, 2017. Because the certified record contains no indication that Appellant requested or received an extension of time for filing, we conclude that Appellant's filing was untimely.

Appellant has not come forward with valid grounds for relief from the trial court's determination. Citing *Mayor, Town Council of Borough of Chambersburg v. Keeler*, 85 A.3d 603 (Pa. Cmwlth. 2014), Appellant argues

- 6 -

in his brief that, under Pa.R.A.P. 121, he was entitled to three days for mailing in addition to the 30-day filing period allowed by the trial court. *See* Appellant's Brief at 13-14. In relevant part, Pa.R.A.P. 121(e) provides:

> **(e) Additional time after service by mail and commercial carrier.** Whenever a party is required or permitted to do an act within a prescribed period after service of a paper upon that party **(other than an order of a court or other government unit)** and the paper is served by United States mail or by commercial carrier, three days shall be added to the prescribed period.

Pa.R.A.P. 121(e) (emphasis added). While Pa.R.A.P. 121(e) adds three days to a prescribed response period under certain circumstances, the rule makes clear that it does not apply to orders of court or other governmental entities. Thus, Pa.R.A.P. 121(e) does not furnish grounds for relief in this case.[3]

We also see no reason to remand this matter for further proceedings before the trial court. In civil cases, appellate courts may remand in two circumstances related to the filing of Rule 1925(b) statements: (1) "[a]n appellate court may remand [in a civil case] for a determination as to whether a [Rule 1925(b)] Statement had been filed and/or served or timely filed and/or served;" or (2) "[u]pon application of the appellant and for good cause shown, an appellate court may remand in a civil case for the filing *nunc pro tunc* of a [Rule 1925(b)] Statement or for amendment or supplementation of a timely

---

[3] While decisions of the Commonwealth Court constitute persuasive authority, they do not constitute binding authority. **Petow v. Warehime**, 996 A.2d, 1083, 1088 n.1 (Pa. Super. 2010), *appeal denied*, 12 A.3d 371 (Pa. 2010).

filed and served [Rule 1925(b)] Statement...." Pa.R.A.P. 1925(c)(1)-(2); *Presque Isle*, 88 A.3d at 226 n.7. Neither of these circumstances is applicable here. It would be inappropriate to remand for a determination of whether Appellant's filing was timely since the record clearly establishes the filing date and contents of the trial court's initial order, as well as the filing date and contents of Appellant's concise statement. Also, because Appellant has not filed an application for *nunc pro tunc* filing, nor demonstrated "good cause" for his untimely submission, remand under Pa.R.A.P. 1925(c)(2) is also improper.

Lastly, Appellant has not asserted that he mailed his concise statement within the period specified by the trial court and that such mailing satisfied the requirements of Pa.R.A.P. 1925. In relevant part, Pa.R.A.P. 1925(b)(1) states: "Filing of record and service on the judge shall be in person or by mail … and shall be complete on mailing if appellant obtains a United States Postal Service Form 3817, Certificate of Mailing, or other similar United States Postal Service form from which the date of deposit can be verified." Pa.R.A.P. 1925(b)(1). Nothing in the record before us shows that Appellant obtained the required postal forms to substantiate a timely mailing, and therefore filing, with the trial court. Moreover, court papers are generally deemed to be filed when they are received by the appropriate court officer. Pa.R.C.P. 205.1 provides: "A paper sent by mail shall not be deemed filed until received by the appropriate officer." Pa.R.C.P. 205.1. Additionally, Pa.R.A.P. 121 provides:

"Filing may be accomplished by mail addressed to the prothonotary, but ... filing shall not be timely unless the papers are received by the prothonotary within the time fixed for filing." Pa.R.A.P. 121(a). In the absence of contrary proof, we presume that the August 15, 2017 date stamp that appears on Appellant's submission accurately reflects the filing date in this case.[4]

Because Appellant's concise statement was untimely, he waived appellate review of all of his claims. Accordingly, we may not reach the merits of any issue raised in this appeal.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/16/2018

---

[4] Appellant did not attach a proof of service form to his concise statement.

- 9 -