# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valery Williams,                :
             Appellant       :
                             :    No. 269 C.D. 2019
      v.                      :    Submitted: July 26, 2019
                             :
Tax Review Board          :

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
               HONORABLE ROBERT SIMPSON, Judge[1]
               HONORABLE MICHAEL H.WOJCIK, Judge

<u>OPINION NOT REPORTED</u>

**MEMORANDUM OPINION**
**BY JUDGE SIMPSON**                 **FILED:  October 11, 2019**

      Valery Williams (Owner), representing herself, appeals from the order of the Court of Common Pleas of Philadelphia County (trial court)[2] denying her appeal from the Tax Review Board (Board) decision regarding the Philadelphia Water Department's (Department) bill assessments dating back to 2009. Relevant here, the trial court directed Owner to file a concise statement of the errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Statement) within 21 days. In its opinion, the trial court noted Owner failed to preserve any issues for review when she did not timely file her Statement. Because Owner did not timely file her Statement, we are constrained to agree and to dismiss the appeal.

---

[1] This matter was assigned to this panel before September 1, 2019, when Judge Simpson assumed the status of senior judge.

[2] The Honorable Edward C. Wright presided.

The record reflects the following facts. Owner, a Department residential water account customer, is the record owner of the property located at 710 South Smedley Street, Philadelphia, Pennsylvania (Property).

On December 24, 2009, Owner sought assistance with a water leak in her basement. She first contacted a plumber who could not fix the leak due to a damaged curb box. She then contacted the Department, which replaced the curb box to stop the water leakage and billed the Property $288.86 for the installation. In subsequent years, the Department billed Owner $195.00 for replacing a missing meter (August 2010) and $170.00 for damage caused to the electrical portion of another meter (June 2012). The bills for the tax period of 12/24/09 to 6/25/12 totaled $653.86.

In November 2016, Owner filed a petition requesting a review of the assessment. After continuing the hearing for six months, to gather information, the hearing master reduced Owner's bill to $483.86. Owner appealed to the Board.

In February 2018, the Board held a hearing at which Owner testified. Owner admitted to disposing of the missing meter and agreed to pay the cost of its replacement. The Department removed the damaged meter charge. As a result, only the charges stemming from the 2009 installation of a new curb box were in dispute. The Department also amended the amount due from the curb box replacement from $288.86 to $245.00, noting it charged Owner a labor fee rather than a flat rate in error.

The Board determined Owner presented no evidence to show the bills were incorrect, and thus, she did not satisfy her burden of proof. The Board found

Owner's testimony did not support her claim that she had no obligation to pay for the replacement of the curb box. Instead, she corroborated the Department's evidence that it dug up the sidewalk to access and to replace the buried curb box. The Board reduced Owner's bill to $440.00 (the agreed-to $195.00 for the missing meter plus $245.00 for replacing the curb box). Owner then appealed the Board's decision to the trial court.

The trial court held a hearing where it took additional evidence. Owner testified she was improperly billed for the curb box replacement because her plumber replaced the curb box, not the Department. Owner insisted the Department shut off her water on the day in question without making any repairs. Owner testified she was afforded two defect notices; one stated the curb box was replaced, but the second, *amended* notice did not mention curb box replacement. The trial court affirmed the Board's decision, finding Owner failed to satisfy her burden of proving the Department erred in assessing her bills. Owner appealed to this Court.[3]

By order docketed February 8, 2019, the trial court directed Owner to file a Statement pursuant to Pa. R.A.P. 1925(b) within 21 days of its order. Notice to Owner of the order appears in the trial court's docket. The docket also reveals Owner did not file a Statement with the trial court until March 25, 2019, which was 24 days **after** the trial court's deadline passed. However, she timely served a copy of her Statement on the trial judge.

---

[3] When the trial court takes additional evidence to make a *de novo* ruling, our scope of review is limited to whether the trial court, rather than the Board, committed an abuse of discretion or error of law. Berryman v. Wyoming Borough Zoning Hearing Bd., 884 A.2d 386 (Pa. Cmwlth. 2005).

In its 1925(a) opinion, the trial court found all of Owner's arguments were waived on appeal as a result of her untimely filed Statement. It further concluded Owner would not prevail on the merits of her claim because she received a fair hearing. As such, the trial court denied her appeal.

In her uncounseled brief, Owner argues the trial court denied her procedural due process rights and committed an error of law. Essentially, Owner argues the trial court disregarded her testimony that her plumber, not the Department, replaced the curb box. Before reaching the merits of Owner's claim, however, we first address the effect of her failure to file a timely Statement under Rule 1925(b).

To preserve a claim for appellate review, an appellant must comply with a trial court's order to file a Rule 1925(b) statement. Com. v. Holtzapfel, 895 A.2d 1284 (Pa. Cmwlth. 2006). In Commonwealth v. Lord, 719 A.2d 306 (Pa. 1998), our Supreme Court "established a bright-line rule for waiver under Rule 1925(b)." Com. v. Butler, 812 A.2d 631, 633 (Pa. 2011). The 2009 revisions to Rule 1925(b) confirm that issues not contained in the Statement are waived.

This Court recognizes that Rule 1925 cannot be selectively enforced and applies regardless of the merits of an appellant's arguments. See Zokaites Props., LP v. Butler Twp. (Pa. Cmwlth., No. 519 C.D. 2016, filed May 3, 2017), 2017 WL 1731083 (unreported).[4] Rather, "'[w]aiver under Rule 1925 is automatic.'" Holtzapfel, 895 A.2d at 1287 (citation omitted). However, "[i]f Rule 1925 is not clear as to what is required of an appellant, on-the-record actions taken by the

---

[4] This case is cited for its persuasive value in accordance with Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a).

appellant aimed at compliance may satisfy the Rule." Com. v. Hill, 16 A.3d 484, 494 (Pa. 2011).

Here, the trial court ordered Owner to file her Statement as follows: "The Statement shall be filed of record and served on the Trial Judge no later than twenty one (21) days after the entry of this order upon the docket." Tr. Ct. Order, 2/8/19. It further stated, "Pursuant to Pa. R.A.P. 1925(b)(4)(vii), any issue not properly included in a timely filed and properly served 1925(b) Statement is waived." Id. (emphasis added). Rule 1925(b) itself instructs, "Appellant shall file of record … and concurrently shall serve the judge." Pa. R.A.P. 1925(b). However, Owner *only* served the trial judge. Significantly, she did not also timely file the Statement of record.

"Merely mail[ing] [her Statement] to the presiding judge" does not suffice. Com. v. Butler, 812 A.2d 631, 634 (Pa. 2002). Thus, Owner's unverified Statement attached to her reply brief, claiming she timely complied with the order by mailing her Statement to the trial court judge on February 15, 2019, does not satisfy the Rule. See Owner's Reply Br., Exhibit 1 (A, A1). Even if this Court accepted Owner's assertion that she mailed the Statement to the trial judge, she did not file the Statement of record until March 25, 2019, 24 days late. Butler; see In re Clinton Cty. Tax Claims, 109 A.3d 331 (Pa. Cmwlth. 2015) (holding appellant's submission of 1925(b) statement one day late resulted in waiver). An appellant waives all issues on appeal by failing to comply with a trial court's order to file a Rule 1925(b) statement, "even if the Rule 1925(b) statement was served on the trial

5

judge who subsequently addressed in an opinion issues raised in the Rule 1925(b) statement." In re Estate of Boyle, 77 A.3d 674, 677 (Pa. Super. 2013).

Although Pa. R.A.P. 1925(c)(2) provides that untimeliness may be excused for good cause shown, here, Owner did not present an explanation for her 24-day delay in filing the Statement. She also did not request an extension of time to file her Statement. Applying our holding in Paluch v. Beard, 192 A.3d 502, 504 (Pa. Cmwlth. 2018), "[b]ecause the Pennsylvania Supreme Court has required strict adherence to Pa. R.A.P. 1925, and because [Owner] has not shown good cause for non-compliance," we conclude all of her arguments are waived on appeal.[5]

---

[5] Regardless of waiver, were we to review the merits of her claims, Owner would not prevail. First, Owner challenges the change of the presiding judge and courtroom number on the date of the hearing. However, Owner had adequate notice as the change did not affect her participation in the hearing, where she had a full opportunity to be heard. Pa. Bankers Ass'n v. Dep't of Banking, 981 A.2d 975 (Pa. Cmwlth. 2009) (notice and an opportunity to be heard are the essential elements of due process). Thus, we discern no violation of her due process rights as a result of the change.

Owner also asserts she did not receive a fair hearing because the trial judge was insufficiently prepared to preside. Our review of the hearing transcript reveals the contrary. Indeed, the trial court afforded Owner numerous opportunities to meet her burden. Consequently, Owner's due process claim fails.

Next, Owner argues the trial court disregarded her evidence and erred in upholding the Department's assessment against the Property. Owner bore the burden of proving the Department's assessment was invalid. Carson Concrete Corp. v. Tax Review Bd., City of Phila., 176 A.3d 439 (Pa. Cmwlth. 2017).

Owner insists the assessment is incorrect because her plumber, not the Department, replaced the curb box. Although she cites evidence in support of her contention, the record also contains evidence supporting the Department's inclusion of the curb box replacement in her assessment.

The trial court was within its purview as factfinder to resolve any evidentiary conflicts in favor of the Department. Dep't of Transp., Bureau of Traffic Safety v. O'Connell, 555 A.2d 873 (Pa. 1989). Further, "it does not matter that there is evidence in the record which supports a factual finding contrary to that made by the factfinder, rather, the pertinent inquiry is whether

6

Because Owner failed to file a timely Statement pursuant to Rule 1925, we dismiss Owner's appeal.



ROBERT SIMPSON, Judge

Judge Ceisler did not participate in the decision of this case.

---

there is any evidence which supports the factfinder's factual finding." <u>Mulberry Mkt., Inc. v. City of Phila., Bd. of License & Inspection Review</u>, 735 A.2d 761, 767 (Pa. Cmwlth. 1999).

Here, the record contains evidence in support of the trial court's finding upholding the Board's reduced assessment, including costs of curb box replacement. Thus, we reject Owner's argument that the trial court disregarded her evidence.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Valery Williams,                              :
                Appellant          :
                             :    No. 269 C.D. 2019
        v.                              :
                             :
Tax Review Board                             :

## **O R D E R**

**AND NOW**, this 11ᵗʰ day of October 2019, for the reasons stated in the accompanying opinion, the appeal filed by Valery Williams is **QUASHED**.


_____
ROBERT SIMPSON, Judge