# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | |
|---|---|
| Lamar Brown,<br>                    Appellant | :<br>:<br>:   No. 929 C.D. 2024 |
|             v. | :<br>:   Submitted: October 9, 2025 |
| C/O Iagovino, C/O Bonilla, and<br>Lt. Mihal | :<br>: |

## *OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**PER CURIAM**                                        **FILED: November 19, 2025**

Lamar Brown (Appellant) *pro se* appeals from an order issued by the Cumberland County Court of Common Pleas (trial court) on June 14, 2024, which dismissed with prejudice Appellant's complaint against Correctional Officers Iagovino and Bonilla, and Lieutenant Mihal (collectively, Appellees). Upon review, Appellant has not filed a concise statement of errors pursuant to Pennsylvania Rule of Appellate Procedure 1925(b) (Rule 1925(b)) as directed by the trial court. Accordingly, Appellant has waived all issues on appeal, and we therefore affirm.

# I. BACKGROUND[1]

In February 2021, Appellant commenced this action by complaint, alleging retaliation in violation of his First Amendment rights and civil conspiracy. In relief, Appellant sought compensatory and punitive damages, as well as declaratory relief. The trial court granted Appellant leave to proceed *in forma pauperis*. Following service, in August 2021, Appellees filed preliminary objections in the nature of demurrers, asserting that Appellant's complaint should be dismissed with prejudice pursuant to 42 Pa.C.S. § 6602(e)[2] and (f)[3] because he had filed at least

---

[1] Unless stated otherwise, we derive this background from the original record in this case, which includes the parties' pleadings and additional filings, as well as the trial court's orders. *See generally* Original R.

[2] Section 6602(e) provides:

> Dismissal of litigation.--Notwithstanding any filing fee which has been paid, the court shall dismiss prison conditions litigation at any time, including prior to service on the defendant, if the court determines any of the following:
>
> > (1) The allegation of indigency is untrue.
> > (2) The prison conditions litigation is frivolous or malicious or fails to state a claim upon which relief may be granted or the defendant is entitled to assert a valid affirmative defense, including immunity, which, if asserted, would preclude the relief.
>
> The court may reinstate the prison conditions litigation where the dismissal is based upon an untrue allegation of indigency and the prisoner establishes to the satisfaction of the court that the untrue information was not known to the prisoner.

42 Pa.C.S. § 6602(e).

[3] Section 6602(f) provides:

> Abusive litigation.--If the prisoner has previously filed prison conditions litigation and:
>
> > (1) three or more of these prior civil actions have been dismissed pursuant to subsection (e)(2); or
> > (2) the prisoner has previously filed prison conditions litigation against a person named as a defendant in the instant action or a person serving in the same official capacity as a named defendant and a court made a finding that the prior action was filed in bad faith or that the prisoner knowingly presented false evidence or testimony at a hearing or trial;

three prior complaints that were dismissed as malicious, frivolous, or failed to state a claim upon which relief may be granted.[4] *See* Prelim. Objs., 8/23/21, at 4-5.

This matter remained dormant until September 2023, when Appellees filed a motion requesting leave to file a brief in support of their preliminary objections. The trial court granted this motion and, upon further motion from Appellees, directed that the preliminary objections would be decided on briefs. However, Appellant did not file a responsive brief as directed.

In June 2024, the trial court dismissed Appellant's complaint with prejudice pursuant to 42 Pa.C.S. § 6602(f), finding that he had "previously filed three or more prison condition litigations that were dismissed because they were either frivolous, failed to state a claim upon which relief can be granted, or the defendant was entitled to a valid affirmative defense that precluded relief." Trial Ct. Order, 6/14/24.

Appellant timely appealed, and the trial court directed Appellant to file a Rule 1925(b) statement within 30 days of July 18, 2024. *See* Trial Ct. Order, 7/18/24.[5] Appellant never filed a Rule 1925(b) statement. Subsequently, the trial court issued a brief opinion concluding that there were no issues to be addressed on appeal. *See* Trial Ct. Op., 9/11/24.

Upon review, this Court directed the parties to address whether Appellant has waived all issues on appeal. *See* Order, 9/16/24. However, Appellant

---

the court may dismiss the action. The court shall not, however, dismiss a request for preliminary injunctive relief or a temporary restraining order which makes a credible allegation that the prisoner is in imminent danger of serious bodily injury.

42 Pa.C.S. § 6602(f).

[4] Appellees also argued lack of personal involvement, failure to state proper relief, failure to state a first amendment retaliation claim, and failure to state any state tort claim under sovereign immunity. *See* Prelim. Objs., 8/23/21, at 5-12.

[5] *See* Pa.R.Civ.P. 236.

has not complied with our instructions.[6]  *See generally* Appellant's Br., 2/20/25 (merely addressing the trial court's purported error in dismissing Appellant's complaint without first giving him an opportunity to pay a filing fee).  For its part, Appellees maintain that Appellant's failure to file a Rule 1925(b) statement constitutes a waiver of all issues on appeal and warrants quashal.[7]  *See* Appellees' Br., 3/10/25, at 11-17 (further noting that Appellant has not presented extraordinary circumstances that would warrant *nunc pro tunc* relief and, to date, never requested such relief).[8]

---

[6] In his statement of the case, Appellant asserts that he did not receive the trial court's order until August 22, 2024, but was unable to prepare and file a Rule 1925(b) statement because he was placed in restrictive housing on August 26, 2024.  *See* Appellant's Br. at 5-6.  We note that Appellant has not supported these assertions with an affidavit or other documentary evidence.  *See generally id.*  Notwithstanding this lack of evidence, Appellant has yet to submit a Rule 1925(b) statement, nor did he seek an extension from the trial court, *see* Pa.R.A.P. 1925(b)(2), or *nunc pro tunc* relief from this Court.  *See* Pa.R.A.P. 1925(c)(2).

[7] Quashal is not appropriate in this case.  Our Supreme Court has instructed that quashal is usually appropriate where the order below is unappealable, the appeal is untimely, or the reviewing court otherwise lacks jurisdiction.  *See Sahutsky v. H.H. Knoebel Sons*, 782 A.2d 996, 1001 n.3 (Pa. 2001).  Here, this Court has jurisdiction over Appellant's timely appeal from the trial court's final order.  *See* 42 Pa.C.S. § 762(a).

[8] Appellant offered a brief response to Appellees' arguments, asserting that the explanation for his failure to file a Rule 1925(b) statement "amount[s] to 'extraordinary circumstances.'"  Appellant's Reply Br., 4/17/25, at 2.  However, in so doing, Appellant has provided a completely different factual narrative.  *Compare* Appellant's Br. at 5-6 (stating that he received the trial court order on August 22, 2024, and was placed in restrictive housing on August 26, 2024), *with* Appellant's Reply Br. at 2 (stating that he was placed in restrictive housing on July 26, 2024, released on August 15, 2024, but that continued facility lockdowns prevented his receipt of the trial court's order until late August or early September).  We decline to credit this unsupported narrative nor remand for the trial court's consideration.  In any event, we reiterate that Appellant has never prepared a Rule 1925(b) statement nor requested *nunc pro tunc* relief.  *See Zokaites Props., LP v. Butler Twp. UCC Bd. of Appeals* (Pa. Cmwlth., No. 519 C.D. 2016, filed May 3, 2017), 2017 WL 1731083 (declining *nunc pro tunc* relief where appellant merely addressed the absence of a Rule 1925(b) statement in its reply brief, the record revealed a lack of diligence, and appellant never filed an application for relief); *see also* 210 Pa. Code § 69.414(a) (providing that unpublished opinions of this Court may be cited for their persuasive value).

## II. DISCUSSION[9]

It is well settled that an appellant must comply with a trial court order that directs the filing of a Rule 1925(b) statement in order to preserve any claims for appellate review. *See Commonwealth v. Lord*, 719 A.2d 306, 309 (Pa. 1998); *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1287 (Pa. Cmwlth. 2006) (noting that issues on appeal are considered waived when no Rule 1925(b) statement is filed); Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the [s]tatement . . . are waived.").

Nevertheless, our Supreme Court has emphasized the importance of trial courts' adherence to the requirements set forth in Pa.R.A.P. 1925(b)(3) when drafting orders that direct an appellant to file a Rule 1925(b) statement. *See Berg v. Nationwide Mut. Ins. Co., Inc.*, 6 A.3d 1002, 1012 (Pa. 2010) (concluding that compliance by *all* participants, including the trial court, is required if the rule is to serve its purpose). Therefore, waiver only applies when the trial court's order (1) specifies the number of days within which the statement must be served and filed; (2) instructs that the statement be filed of record and served on the issuing judge; (3) provides a mailing address, email address, facsimile, or alternative means for serving the statement on the judge; and (4) informs appellant that any issues not included in the statement shall be deemed waived. Pa.R.A.P. 1925(b)(3);[10] *see, e.g., Mojica v.*

---

[9] In reviewing trial court orders, our standard of review "is limited to determining whether constitutional rights have been violated, whether the trial court abused its discretion, or whether the trial court committed an error of law." *See Mojica v. SCI-Mahanoy Sec.*, 224 A.3d 811, 812 n.2 (Pa. Cmwlth. 2020).

[10] The full text provides:

> (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the Statement;
> (ii) that the Statement shall be filed of record;
> (iii) that the Statement shall be served on the judge pursuant to paragraph (b)(1) and both the place the appellant can serve the Statement in person and the address

*SCI-Mahanoy Sec.*, 224 A.3d 811, 815 (Pa. Cmwlth. 2020) (declining to quash an appeal when a trial court's order was inconsistent with the requirements of Rule 1925(b)(3)(iv)); *Commonwealth v. Matsinger*, 68 A.3d 390, 395 (Pa. Cmwlth. 2013) ("The trial court's failure to comply with 1925(b)(3)(iii) deprived [appellant] of critical information regarding the proper method for filing and service of his 1925(b) Statement."); *Commonwealth v. Jones*, 193 A.3d 957, 962-63 (Pa. Super. 2018) (declining to quash an appeal because the trial court's order violated Rule 1925(b)(3) "in several ways").[11]

Here, the trial court's order complied with Pa.R.A.P. 1925(b)(3). The order instructed that Appellant's statement be filed within thirty days of July 18, 2024, filed of record, served on the issuing judge, and provided an address to serve the judge either in person or by mail. *See* Trial Ct. Order, 7/18/24. Additionally, the order notified Appellant that "[a]ny issue not properly included in the [s]tatement timely filed and served pursuant to [Rule 1925(b)] shall be deemed waived." *Id.* Appellant, however, never filed a Rule 1925(b) statement with the trial court. *See generally* Trial Ct. Docket. Thus, Appellant has waived all issues on appeal. *See*

---

to which the appellant can mail the Statement. In addition, the judge may provide an email, facsimile, or other alternative means for the appellant to serve the Statement on the judge; and

(iv) that any issue not properly included in the Statement timely filed and served pursuant to subdivision (b) shall be deemed waived.

Pa.R.A.P. 1925(b)(3).

[11] Superior Court decisions are not binding on this Court, but they offer persuasive precedent where they address analogous issues. *Lerch v. Unemployment Comp. Bd. of Rev.*, 180 A.3d 545, 550 (Pa. Cmwlth. 2018).

*Lord*, 719 A.2d at 309; *Holtzapfel*, 895 A.2d at 1287; Pa.R.A.P. 1925(b)(4)(vii). Accordingly, we affirm the trial court's order.[12]

---

[12] This Court is permitted to remand for the *nunc pro tunc* filing and service of a Rule 1925(b) statement upon the application of the appellant and "for good cause shown." *See* Pa.R.A.P. 1925(c)(2). We decline to do so here. As previously discussed, Appellant has not requested *nunc pro tunc* relief, nor has he even attempted to file a Rule 1925(b) statement. *See supra* n.8.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Lamar Brown,                :
         Appellant       :
                      :    No. 929 C.D. 2024
          v.             :
                      :
C/O Iagovino, C/O Bonilla, and    :
Lt. Mihal                  :

**PER CURIAM**

# O R D E R

AND NOW, this 19th day of November, 2025, the order of the Court of Common Pleas of Cumberland County, dated June 14, 2024, is hereby AFFIRMED.