IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| H. Shelley Morrisette, | : | |
| Appellant | : | |
| | : | |
| v. | : | No. 7 C.D. 2022 |
| | : | |
| PA State System of | : | |
| Higher Education | : | Submitted: March 3, 2023 |

BEFORE:   HONORABLE CHRISTINE FIZZANO CANNON, Judge
HONORABLE ELLEN CEISLER, Judge
HONORABLE LORI A. DUMAS, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE CEISLER                                    FILED: July 10, 2023

H. Shelley Morrisette (Appellant) appeals to this Court from the September 16, 2021 Order of the Court of Common Pleas of Cumberland County (Trial Court), which granted the Motion for Summary Judgment (Motion) filed by Appellee, the Pennsylvania State System of Higher Education (PASSHE). Appellant argues that the Trial Court erroneously disregarded several key factual and legal issues in Appellant's employment discrimination action against PASSHE. Furthermore, Appellant maintains that his failure to comply with an order of the Trial Court directing him to submit a statement of errors complained of on appeal, pursuant to Rule of Appellate Procedure 1925(b), is not fatal to his case. After review, we affirm.

## I. Background

From 2002 until 2012, Appellant was an Associate Professor in Marketing and Management at Shippensburg University (University), a PASSHE member institution. *See Morrisette v. Pa. Sys. of Higher Educ.* (C.C.P. Cumberland Cnty.,

No. 2015-00674, filed September 16, 2021) (Trial Court Opinion (Op.)) at 1.  In December 2012, Appellant was a candidate for promotion to the position of Professor.  *Id.*  Promotions at the University are handled by a University Wide Promotion Committee (UWPC) pursuant to the University's Statement of Promotion Policies and Procedures (Promotion Procedures).  *Id.*  The Promotion Procedures directed UWPC members to rank each promotion candidate using three criteria (teaching effectiveness, continued scholarly growth, and service to the University or community).  *Id.*  Once the UWPC reached agreement on a ranking, it submitted the results to the University President for a final determination.  *Id.*  Following a March, 2013 meeting, the UWPC ranked Appellant 11th-highest among 20 candidates for promotion, a determination which he did not appeal.  *Id.* at 2.  The University President then promoted the top ten candidates, which precluded Appellant from receiving a promotion.  *Id.*

Appellant initiated this action with the filing of a Complaint in the Trial Court on February 5, 2014.  *See* Original Record (O.R.), Item No. 0.  The Complaint underwent several amendments, and the Trial Court eventually proceeded under a Fourth Amended Complaint, filed on February 14, 2018.  *See* O.R., Item No. 30.  The Fourth Amended Complaint contained two counts, in which Appellant alleged unlawful age and sex discrimination, both in violation of the Pennsylvania Human Relations Act (PHRA).[1] *See generally id.* ¶¶ 22-40.  Appellant argued that he was better qualified than several, younger promotion candidates who received higher rankings from the UWPC, and that the "female voting members of the UWPC gave [Appellant] an artificially low rating."  *Id.* ¶¶ 28, 36.  As a remedy, Appellant

---

[1] Act of October 27, 1955, P.L. 744, *as amended*, 43 P.S. §§ 951-963.

2

requested "legal and equitable relief as is available to a prevailing plaintiff pursuant to the remedial provisions of the [PHRA]." *Id.* ¶ 40.

In deposition testimony, Appellant acknowledged that he did not launch an official appeal of the UWPC's determination, as he believed that appeals were never successful. O.R., Item No. 39, PASSHE's Exhibit No. 1, Morrisette Dep. at 77. Rather, Appellant personally contacted Dr. Sara Grove, co-chair of the UWPC, for an explanation of what he believed to be his unfairly poor showing. *Id.* at 79. Dr. Grove offered to meet with Appellant in person, but he refused. *Id.* at 80. Appellant also acknowledged that he had no knowledge of any UWPC discussions about his or other candidates' age. *Id.* at 94-95. Although Appellant vaguely recalled hearing rumors that someone accused him of being "misogynistic," Appellant did not know who said it, or whether it was said during a UWPC meeting. *Id.* at 95. When asked why he believed that he was unfairly discriminated against, Appellant recalled a discussion he had with Irma Lopez, whom he described as "a Hispanic female in the [C]ollege of [B]usiness." *Id.* at 124. According to Ms. Lopez, Appellant said, he was not promoted because he was "an old, white male" who does not "play politics." *Id.* at 123. Appellant acknowledged that Ms. Lopez was not a UWPC member, and was not present at any relevant UWPC meetings. *Id.* at 124.

In its defense, PASSHE presented the deposition testimony of Dr. Grove. *See* O.R., Item No. 39, PASSHE's Ex. No. 2, Grove Dep. at 41. Dr. Grove explained that when the UWPC considered each slate of promotion candidates, it was not aware of how many candidates the University President would eventually promote. *Id.* at 93. When asked if she voted for Appellant's promotion, Dr. Grove explained that, while she gave Appellant a higher rank than most of the candidates, she and other UWPC members did not cast votes for or against the promotion of the

3

candidates. *Id.* at 27. Rather, they simply ranked the candidates based on the criteria outlined in the Promotion Procedures. *Id.* The UWPC then conducted multiple rounds of voting until 80% of its members agreed on a final ranking of the candidates, which was then sent to the University President. *Id.* at 94. Dr. Grove added that she and other UWPC members discarded their notes from the March 2013 meeting soon after its conclusion, in keeping with their usual practice. *Id.* at 93.

In its defense, PASSHE further submitted a list of the March, 2013 promotion candidates. See O.R., Item No. 39, PASSHE's Ex. No. 11. The list, which also states each candidate's name, age at the time of the UWPC meeting, and eventual promotion outcome, indicates that Appellant was one of two candidates in their sixties; the other, who ranked 3rd out of the 20 candidates, was promoted to Professor. *Id.* Of the 10 candidates who were successful, 9 were over the age of 40; 4 were over the age of 50. *Id.* The list also indicates that seven of the ten successful candidates were men; one of the ten unsuccessful candidates was a woman. Trial Court Op. at 10.

On August 13, 2020, Appellant moved for summary judgment, arguing (1) that PASSHE was unable to articulate a legitimate, non-discriminatory reason for denying Appellant a promotion; (2) that he was denied promotion because of illegal consideration of his age; (3) that he was denied promotion because of illegal consideration of his sex; (4) that the Promotion Procedures permitted unlawful discrimination; and (5) that the destruction of meeting notes by Dr. Grove, and others, constituted spoliation of evidence, thus entitling Appellant to summary judgment in his favor. *See generally* O.R., Item No. 34. On October 7, 2020, PASSHE filed its Motion for Summary Judgment (Motion), arguing that Appellant had failed to state a *prima facie* discrimination case under the PHRA, and that

4

PASSHE had legitimate, non-discriminatory reasons for not promoting Appellant. *See* O.R., Item No. 40, Motion ¶¶ 11-12.

In its September 16, 2021 Order, the Trial Court agreed that Appellant had failed to meet his burden as a matter of law on either the age discrimination or sex discrimination claims. *See* Trial Court Op. at 11. The Trial Court explained that when analyzing sex discrimination claims, Pennsylvania courts use the analytical model adopted by the United State Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). Trial Court Op. at 9 (citing *Campanaro v. Pa. Elec. Co.*, 738 A.2d 472, 476 (Pa. Super. 1999)). Thus, the discrimination plaintiff must first establish a *prima facie* case by showing (1) that he is a member of a protected class, (2) that he has suffered an adverse employment action, and (3) that others not in the protected class were treated differently. *Id.* Once the plaintiff has done so, the burden shifts to the defendant to articulate a legitimate, non-discriminatory reason for the adverse action. *Id.* at 5. The burden then returns to the plaintiff, who must show that the reasons cited are untrue and a pretext for discrimination. *Id.*

The Trial Court concluded that Appellant had failed to meet the third element, as the "University did not promote all females and they did not fail to promote all males." *Id.* at 10. Furthermore, the Trial Court explained, Appellant had failed to substantiate the allegation that female UWPC committee members gave him an artificially low ranking. *Id.* The Trial Court observed that Dr. Grove herself recalled giving Appellant a higher rank than most candidates. *Id.* Even if Appellant had made a *prima facie* case of sex discrimination, the Trial Court added, PASSHE showed that the UWPC had legitimate, non-discriminatory reasons for not promoting Appellant. *Id.* The Trial Court found that Appellant failed to provide any basis for supposing that the reasons given were pretextual. *Id.* at 11.

Regarding Appellant's age discrimination claim, the Trial Court explained that when analyzing such cases, Pennsylvania courts apply the "variant" test set forth in *Kroptavich v. Pennsylvania Power and Light Company*, 795 A.2d 1048 (Pa. Super. 2002). *Id.* at 6. Specifically, the plaintiff must show (1) that he is at least 40 years of age; (2) that he was qualified for the position; (3) that he suffered an adverse employment action despite being qualified; and (4) the employer had a continued need for employees performing the same work. *Id.* (citing *Kroptavich*, 795 A.2d at 1058). The Trial Court found that Appellant made a *prima facie* case by meeting all four elements. *Id.* at 7. Yet, based "on the blind nature of the promotion procedure, and [the fact] that members of [Appellant's] age cohort were both promoted and not promoted," the Trial Court also concluded that PASSHE had met its burden to establish a legitimate, non-discriminatory basis for the adverse employment action. *Id.* at 8. Once again, the Trial Court concluded that Appellant failed to show why that basis was merely pretextual. *Id.* at 9.

Appellant filed an appeal to the Superior Court on October 7, 2021. *See* O.R., Item No. 53. In response, the Trial Court issued an order, dated October 7, 2021, directing Appellant "to file of record, and serve upon the [Trial] Court, a concise statement of the errors complained of on appeal within 21 days from the date of entry of this Order." O.R., Item No. 54. On November 1, 2021, the Trial Court issued a Statement in Lieu of an Opinion. *See* O.R., Item No. 56. Therein, the Trial Court explained that Appellant had failed to submit a concise statement of errors complained of on appeal pursuant to its October 7, 2021 order. *Id.* Accordingly, rather than issue an opinion in accordance with Rule 1925(a)(1), the Trial Court opined that the appeal to the Superior Court should be quashed. *Id.* (citing *Commonwealth v. Lemon*, 804 A.2d 34, 36-37 (Pa. Super. 2002)).

6

In a November 21, 2021 order, the Superior Court transferred the appeal to this Court, citing our exclusive appellate jurisdiction in civil actions against Commonwealth entities.[2] *See Morrisette v. Pa. Sys. of Higher Educ.* (Pa. Super., No. 1285 MDA 2021, filed Nov. 22, 2021). In a *per curiam* order, this Court noted Appellant's failure to file a Rule 1925(b) statement, and the Trial Court's opinion that he has therefore "waived any issues for appellate review." Accordingly, we directed the parties to "address in their principal briefs on the merits whether Appellant preserved any issues on appeal in light of his apparent failure" to file a Rule 1925(b) statement.

## II. Issues

Appellant argues that his appeal should not be quashed for his failure to submit a Rule 1925(b) statement, because he did not "knowingly waive or fail to preserve" his arguments. Appellant's Br. at 54. Additionally, Appellant argues that the Trial Court erred as a matter of law by denying his summary judgment motion, as PASSHE has failed to articulate a legitimate, non-discriminatory reason for failing to promote him. Appellant also argues that the Trial Court erred by failing to analyze Appellant's claims using a disparate impact theory, and by granting PASSHE's Motion, as genuine issues of material fact remain in this dispute.

## III. Discussion

---

[2] This Court's review of an order granting summary judgment is limited to determining whether the trial court committed an error of law or abused its discretion. *Pickering v. Sacavage*, 642 A.2d 555, 558 (Pa. Cmwlth. 1994). The trial court should grant summary judgment only in a clear case, and the moving party has the burden of demonstrating that no material issues of fact exist. Id. The trial court must view the record in the light most favorable to the non-moving party. *Id*.

Rule 1925(b) provides that, if the judge entering the order which gives rise to an appeal desires clarification of the errors complained of on appeal, "the judge may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal." Pa.R.A.P. 1925(b). Rule 1925(b)(3) provides that the judge's order shall specify: (i) the number of days after the date of entry of the judge's order within which the appellant must file and serve the statement; (ii) that the statement shall be filed of record; (iii) that the statement shall be served on the judge, and both the place the appellant can serve the statement in person, and the address to which the appellant can mail the statement, and (iv) that any issue not properly included in the statement timely filed and served shall be deemed waived. Pa.R.A.P. 1925(b)(3).

It is well settled that Rule 1925(b) sets out "a simple bright-line rule, which obligates an appellant to file and serve a Rule 1925(b) statement, when so ordered; any issues not raised in a Rule 1925(b) statement will be deemed waived." *Commonwealth v. Hill*, 16 A.3d 484, 494 (Pa. 2011). Indeed, the courts "lack the authority to countenance deviations from the Rule's terms." *Id.* This Court has repeatedly held that the failure to timely file a Rule 1925(b) statement results in the waiver of *all* issues on appeal. *Commonwealth v. Holtzapfel*, 895 A.2d 1284, 1289 (Pa. Cmwlth. 2006); *Mayor, Town Council of Borough of Chambersburg v. Keeler*, 85 A.3d 603, 605 (Pa. Cmwlth. 2014).

Instantly, the Trial Court issued an order on October 7, 2021, in which it directed Appellant to file a concise statement of errors complained of on appeal,

pursuant to Rule 1925(b).[3] Thus, in order to preserve any issues for appeal, Appellant was required to submit a Rule 1925(b) statement. In his Brief, Appellant maintains that he should be excused from the requirement because his counsel, "after consulting the Rule, confirmed that issuance of [Rule 1925(b)] [o]rders is optional. Therefore, [Appellant] was not actively watching the [Trial] Court's docket or making inquiries about [Appellant's] appeal." Appellant's Br. at 54-55. Appellant further explains that, shortly before the Trial Court issued its order, his counsel took a job at a new firm, where there was a delay in receiving notification of the order. Finally, Appellant notes that his "counsel regrets not having been more vigilant regarding [Appellant's] appeal." *Id.* at 55.

The reasons cited by Appellant for his failure to comply with the Trial Court's Rule 1925(b) order are neither relevant nor persuasive. While courts may, in extraordinary cases, allow an appeal where an appellant has substantially complied with a Rule 1925(b) order,[4] an attorney's admitted lack of diligence in monitoring the electronic docket does not justify a complete lack of compliance with the Trial Court's order. Consequently, this Court concludes that Appellant's failure to file a Rule 1925(b) statement constitutes his waiver of all issues on appeal.

---

[3] The Trial Court's order omitted an address to which the statement was to be delivered in person or by mail. However, this Court has consistently held that such an omission does not excuse an appellant's failure to file a Rule 1925(b) statement. *See, e.g., Lehigh and Northampton Transp. Auth. v. Cap* (Pa. Cmwlth. No. 543 C.D. 2021, filed May 23, 2022), slip op. at 2 n.5; *McDowell v. Dep't of Hum. Servs.* (Pa. Cmwlth., No. 809 C.D. 2020, filed Sept. 23, 2021), slip op. at 1. Unreported opinions of this Court issued after January 15, 2008, may be cited for their persuasive value. 210 Pa. Code § 69.414(a).

[4] Substantial compliance is the equitable doctrine that allows a court "to overlook a procedural defect that does not prejudice a party's rights." *Berg v. Nationwide Mut. Ins. Co.*, 6 A.3d 1002, 1008 (Pa. 2010) (plurality op.).

## IV. Conclusion

For the foregoing reasons, we affirm the Trial Court.

_____
ELLEN CEISLER, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

H. Shelley Morrisette,      :
            Appellant      :
     :
     v.      :   No. 7 C.D. 2022
     :
PA State System of      :
Higher Education      :

**O R D E R**

AND NOW, this 10th day of July 2023, the order of the Court of Common Pleas of Cumberland County, dated September 16, 2021, is hereby AFFIRMED.

_____
ELLEN CEISLER, Judge